SARAH SCULLY, as Administratrix of the Estate of THOMAS J. SCULLY, Deceased, Respondent, *v.* MARGARET P. McGRATH, Appellant.

Executors and administrators — power to settle or compromise claims against decedent's estate — when admissions not binding upon estate.

An admission by an administrator cannot bind the estate he represents unless made in the discharge of his functions as such; but an executor or administrator has the power to settle or compromise claims for or against the estate, and a settlement made by him can be set aside only upon proof of bad faith or fraud.

Upon examination of the facts in an action brought by an administratrix to recover moneys of an estate in the hands of another person who claimed to have received them in settlement of his claim against the estate, *held*, that an issue of veracity between plaintiff and defendant and the effect of the transaction between them were for the consideration of the jury.

*Scully* v. *McGrath,* 136 App. Div. 905, reversed.

(Argued January 24, 1911; decided February 7, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 5, 1910, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John J. McCall* for appellant. The question as to whether or not defendant converted the moneys in question was one of fact for the jury. (*Ten Eyck* v. *Whitbeck,* 156 N. Y. 349;

*Sundheimer* v. *City of New York,* 176 N. Y. 495 ; *Gordon* v. *Ashley,* 191 N. Y. 192 ; *Laverty* v. *Snethen,* 68 N. Y. 522 ; *Brewster* v. *Striker,* 2 N. Y. 19 ; *Sherman* v. *Willett,* 42 N. Y. 146 ; *Savorahn* v. *Kamaiky,* 120 App. Div. 110 ; 193 N. Y. 203 ; *Bleecker* v. *Johnson,* 69 N. Y. 309 ; *Kirch* v. *Lozier,* 143 N. Y. 390 ; *Nelson* v. *Heaton,* 26 N. Y. 410.)

*M. H. Nellis* for respondent.  Since, from the record, it is beyond dispute that defendant co-operated with Sarah Scully in the conversion of a trust fund, she was bound to prove in her defense by clear and convincing testimony either that the moneys never, in equity, belonged to Thomas J. Scully, respondent's intestate, but were merely committed to his care by the true owner thereof, or that she duly returned the trust fund to the plaintiff, the custodian thereof.  Otherwise the verdict was properly directed.  (*Squire* v. *Ordemann,* 194 N. Y. 394 ; *Rosseau* v. *Rouss,* 180 N. Y. 116 ; *Roberge* v. *Bonner,* 185 N. Y. 265 ; *Butcher* v. *Geissenhainer,* 125 App. Div. 272.)  When plaintiff transferred the money from the trust account to an account in her own name, joined with that of defendant, she acted in contravention of her duty as administratrix and, therefore, no admission of hers then made can bind the estate.  (*Davis* v. *Gallagher,* 124 N. Y. 487 ; *Church* v. *Howard,* 79 N. Y. 415 ; *De Pierris* v. *Slaven,* 5 App. Div. 147.)

CULLEN, Ch. J.  The action is for conversion of money belonging to the estate of Thomas J. Scully, deceased, of which the plaintiff is administratrix.  The answer denied that the money belonged to said Thomas J. Scully, and averred that it was the property of the father of both deceased and defendant, one John Scully.  From the evidence given on behalf of the plaintiff it appeared that Thomas J. Scully died in 1900 intestate, and that letters of administration upon his estate were issued to the plaintiff upon October 12th of that year.  At the time there was on deposit in the Mechanics and Farmers' Savings Bank in Albany to the credit of said Scully, $815.75.  On the next day the plaintiff, in company with John Scully, the

father, withdrew the deposit from that bank and on the same day deposited $760 of the money so withdrawn in the National Savings Bank to the credit of Sarah Scully, the plaintiff, and Margaret P. Scully, the defendant, payable to either or to the survivor of them. On January 3rd, 1901, the defendant Margaret Scully drew this money from the bank and it has never been restored to the plaintiff. John Scully died February 14th, 1905, and this action was commenced in November of that year. The defendant testified that she went with her father and the plaintiff at the time the money was withdrawn from the bank; that the father had possession of the bank book; that when the money was drawn out the plaintiff gave it to the father, saying " here is your money ; " that then all went to the National Savings Bank and the sum of $760 was there deposited, as before described, John Scully retaining the difference between that amount and the sum withdrawn from the Mechanics and Farmers' Savings Bank, and the bank book was given to the defendant. She further testified that the savings bank book showing the deposit in the Mechanics and Farmers' Bank had always been in the possession of her father. A sister of the defendant testified to interviews between her father and her brother tending to show that the brother had money belonging to the father which he deposited in his own (the brother's) name. At the close of the evidence the court excluded testimony offered by the defendant to show that when she withdrew this money it was disposed of in accordance with the directions of her father, John Scully. The court then directed a verdict in favor of the plaintiff, and the judgment entered thereon has been affirmed by the Appellate Division.

That the transaction, if it was solely as testified to by the plaintiff, was a devastavit of the estate, and that the plaintiff was not debarred from maintaining the action in her representative capacity because she had joined in the wrong, is clear. The counsel for the respondent contends that the admission claimed to have been made by the plaintiff, that the deposit was in reality the property of her father-in-law,

was not evidence against the estate she represented. Doubtless the rule is that an admission by an administrator cannot bind the estate, unless made in the discharge of his functions as administrator. (*Davis* v. *Gallagher*, 124 N. Y. 487; *Church* v. *Howard*, 79 id. 415.) That rule, however, does not control the disposition of this case. It was the duty of the administratrix to settle the affairs of the estate. It is true that even if John Scully was the beneficial owner of the savings bank deposit, she might have insisted on his establishing that claim by legal proceedings and possibly it would have been more prudent for her to have taken that course. Otherwise she ran the risk of being charged with its amount in the settlement of her accounts. But her liability for the imprudent settlement of John Scully's claim, and his liability, or that of those claiming under him, to return the money received by him are very different things. If John Scully made a claim in good faith to the beneficial ownership of the deposit and the plaintiff in satisfaction of that claim transferred the estate to him, there was no devastavit on his part. He had the right to make the claim and he was not obliged to resort to law to enforce it if its justice was conceded by the administratrix. An executor or administrator has the power to settle or compromise claims for or against the estate (*Murray* v. *Blatchford*, 1 Wend. 583) and a settlement made by him can be set aside only upon proof of bad faith or fraud. (*Sage* v. *Woodin*, 66 N. Y. 578.) The case is not the same as if the defendant or her father brought an action against the plaintiff to recover the money in suit. There the burden of proof would be on the claimants to prove that the deposit really belonged to the father. Not so, however, where it is sought to recover money paid in settlement of a claim against the estate. In such case it is sufficient to show a *bona fide* claim and its settlement. The question, therefore, in this case is whether the evidence is sufficient for that purpose. It is meagre, but we think there is enough to require the submission of the case to the jury. The continued possession by the father of the original pass book and by the daughter

of the new deposit book; the surrender of the money by the plaintiff to the father with the statement that it was his money; the failure of the plaintiff to give any explanation of her peculiar conduct in withdrawing the fund from one bank and depositing it in another, and her failure to make any claim for the fund until after the death of the father, we think presented a question of fact for the jury to determine whether the father did claim the money as his own and the plaintiff transferred it to him in recognition of that claim.   It is true that the plaintiff denied that she told John Scully at the time of the withdrawal of the deposit that it was his money, and the fact that he took only a portion of the money and assented to the remainder being deposited in the plaintiff's name may be claimed to militate against his ownership of the whole sum. But the issue of veracity between the plaintiff and the defendant and the effect of the transaction at the time of the withdrawal of the deposit were for the consideration of the jury.   Therefore the verdict was improperly directed.

The judgment should be reversed and a new trial granted, costs to abide the event.

GRAY, HAIGHT, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; VANN, J., absent.

Judgment reversed, etc.