LOUIS LLADO FARRELL, Appellant, *v.* WILLIAM J. FARRELL, Individually and as Executor and Trustee under the Will of LEOCADIE FARRELL, Deceased, Respondent, and FRANCISCO LLADO FARRELL and Another, Appellants.

First Department, July 6, 1923.

**Executors and administrators — action for accounting in respect to real property devised to children of testatrix by their father — real property was subject to mortgage — business of father went to wife to whom he was indebted — father was insolvent and mortgage could not have been paid out of personal estate — burden is on objectors to show bad faith in paying claims against estate — profits from resale of mortgaged property, which was purchased by wife on mortgage foreclosure, and from business was properly used to pay indebtedness to wife.**

In an action to obtain an accounting as to the acts of the testatrix and of her executor both individually and in his capacity of executor and trustee in respect to certain real property in Spain which was devised to the appellants by their father, it appeared that the father of the appellants was a dealer in corks in New York city; that he had given a mortgage on real property in Spain to secure the payment for merchandise shipped to him; that he was indebted to his wife, the testatrix, and others and at the time of his death was insolvent; that the wife received the business in New York city and took in as a partner a former bookkeeper who is now her executor; that the mortgagee of the property foreclosed the mortgage and the wife purchased the property on the sale with her own funds and subsequently resold it at a profit, and a profit was also realized on the business after the formation of the new partnership.

*Held,* that the burden of proof was on the appellants to show bad faith and fraud on the part of the wife who was the executrix of her husband's estate in making payment of certain claims against said estate; that no bad faith or fraud is shown; that the children took the real property in Spain subject to the mortgage and that as to any profits realized on the resale of the real property by the executrix, or out of the business of the new partnership, were properly paid to the executrix on account of the indebtedness of the father to her.

APPEAL by the plaintiff, Louis Llado Farrell, and by the defendants, Francisco Llado Farrell and another, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 3d day of May, 1918, upon the decision of the court rendered after a trial at the New York Special Term, dismissing the complaint and denying the appealing defendants the relief prayed for in their answer.

14

*Edward J. McGuire* of counsel [*Morgan J. O'Brien* with him on the brief; *Adrian T. Kiernan*, attorney for plaintiff, and *Edward J. McGuire*, attorney for defendants Francisco L. Farrell and Adelaide L. Diehl], for the appellants.

*Wingate & Cullen* [*George W. Wingate* of counsel], for the respondent.

Finch, J.:

The action was brought to obtain an accounting as to the acts of Leocadie Llado Farrell, deceased, and of the defendant William J. Farrell, both individually and in his capacity of executor and trustee of the will of Leocadie Llado Farrell, deceased, in respect to certain real property in Spain which was devised by Francisco Llado to his children, the appellants.

One Juan Rifa y Casas held a mortgage on one of the parcels of this property known as lot No. 44 to secure, to the extent of $10,000, payment for merchandise shipped by him to Francisco Llado, who was in business in New York as a dealer in corks under the name of Francisco Llado & Co. At the time of the death of Francisco Llado he was indebted to Rifa in excess of $16,000. There were other debts owing by Francisco Llado, the aggregate of which could not be met out of the assets of his estate. In order that the business might continue, it was agreed by certain creditors that they would not press their claims; and it was particularly agreed with Rifa to let the indebtedness secured by the infant's property remain, and that new goods should be forwarded and paid for as received. Leocadie Llado, the widow of Francisco Llado, formed a partnership with the defendant Farrell, who formerly had been employed by Francisco Llado; and the partnership continued the business of Francisco Llado & Co. under the same name. To this firm the entire assets of the old business were conveyed by Mrs. Llado (later Mrs. Farrell). About a year subsequently Rifa commenced an action in Spain to recover the amount due him, in which suit the property in question was attached and a decree finally entered, under which the property was sold. Said property was purchased by Leocadie Llado Farrell for $14,000. This was accomplished by advancing $3,000 of her personal funds, which enabled her representative to take title to the property. The property was then disposed of by sale in various parcels, and the proceeds, after paying the balance of the purchase price of $14,000 and returning to Mrs. Farrell the $3,000 advanced by her, were used in purchasing corks for the firm, which corks were received by it and used in its business. As a final result of such resales, a profit of $6,168.45 was realized during the lifetime of Mrs.

Farrell, and after her death $1,358.56 was received by Farrell as her executor, also in the shape of corks, which were used in the business as aforesaid. The foreclosure sale took place in April, 1887; but the profit on the resale was not realized until 1890 as to the $6,168.45, and thereafter as to the additional $1,358.56.

The appellants contend that the claim of Rifa could and should have been paid out of the assets of decedent's estate, and that they are entitled to an accounting for the entire proceeds of the property. This question of the solvency of Francisco Llado at the time of his death has been exhaustively inquired into and it is sufficient to say that the record supports the finding of the referee of the insolvency. Upon the first trial the court only found that Llado was solvent by including the value of his life insurance policies, which should not have been included, as they clearly were given to Mrs. Llado before his death. This being so, the insolvency is established by the first trial as well as by the independent reference upon this trial. With reference to appellant's objections to certain of the claims against the estate paid by the executrix and allowed by the court, it is to be noted that the burden was on the appellants to show bad faith and fraud in making such payments. (*Matter of Warrin*, 56 App. Div. 414; *Scully* v. *McGrath*, 201 N. Y. 61.) No bad faith or fraud was shown. Rifa was, therefore, entitled to look to the property in Spain for the payment of his claim, and to enforce its collection against said property. (*Farrell* v. *Farrell*, 142 App. Div. 605.) It is also to be noted that under section 250 of the Real Property Law the infants took the property subject to the mortgage of $10,000 thereon. A devise of property with a mortgage must be taken *cum onere.* (*Hauselt* v. *Patterson*, 124 N. Y. 349.) Obtaining a postponement of the enforcement of Rifa's claim, while in no way sacrificing anything belonging to the children, enabled Mrs. Farrell to continue the business as a means of livelihood for herself and children.

The appellants urge that at the time of sale the condition of the business had so improved that payment of the debt could then have been made out of the profits of the business. Not only does this fail to appear, but it appears that the estate of Francisco Llado was at that time indebted to Mrs. Farrell in an amount in excess of any profits realized from the business in the interim. Moreover, Mrs. Farrell, as sole legatee of the business, was entitled to any profits derived therefrom. (*Blood* v. *Kane*, 130 N. Y. 514; *Matter of Mullon*, 145 id. 98.)

In so far as the profit realized from the resale of the property in Spain purchased by Mrs. Farrell is concerned, the Special

Term has held that the same might properly be applied against the indebtedness of Francisco Llado to Mrs. Farrell. Mrs. Farrell was a creditor of Francisco Llado in an amount largely in excess of this profit without taking into consideration the large amount owing to her father who was hopelessly insane and whose property she was in control of as his sole heir. The only possible objections to the application of this amount on her debt are that it might be preferring her as against other creditors, and that her claim needed judicial approval. (*Matter of Ryder,* 129 N. Y. 640; *Matter of Marcellus,* 165 id. 70.) Judicial approval has been given by the court at Special Term. It does not appear that there are other creditors unsatisfied, and no objection on this ground was raised by the appellants.

It follows that the judgment should be affirmed, with costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Judgment affirmed, with costs.