In the Matter of the Estate of LILLY EMMA LEOPOLD, Also Known
as EMMA CARUS, Deceased.

JOSEPH WALTER LEOPOLD, Individually and as Administrator,
etc., of the Estate of LILLY EMMA LEOPOLD, Also Known as
EMMA CARUS, Deceased, Appellant; PAUL C. SCHNITZLER, as
Coadministrator of the Above-Entitled Estate, and Another,
Respondents.

First Department, November 6, 1931.

*Thomas G. Prioleau,* for the appellant.

*Philip F. Farley* of counsel [*Schnitzler, Thorn & Dayton,* attorneys],
for the respondent Paul C. Schnitzler.

*Sydney A. Syme,* for the respondent Lydia A. McCann.

SHERMAN, J. We are called upon to determine whether, under
the Surrogate's Court Act, and particularly section 213 thereof,
the surrogate has the power to direct an unwilling administrator
to enter into and carry out an agreement for the compromise
of an action pending against the estate, which settlement his
coadministrator insists is in the interest of the estate.

Upon the return day of the motion made by respondent Schnitzler
to require his coadministrator, appellant herein, to join in and
carry out the proposed compromise, Lydia A. McCann, the plaintiff
in an action that had been brought against Emma Carus (the
decedent) and continued against her personal representatives,
was allowed to participate in the hearing and on her behalf affidavits

were filed, and she is one of the respondents maintaining here that the proposed settlement was properly directed, and that the opposition of the appellant is due to ill-will and bad faith.

That action was commenced in 1926 and phases of that law suit have been twice presented to the Appellate Division, Second Department, and once to the Court of Appeals (*McCann* v. *Schnitzler*, 226 App. Div. 746; 228 id. 646, 647; revd., 254 N. Y. 107).

Negotiations for a settlement of that suit were undertaken and ultimately Schnitzler, the respondent administrator, entered into an agreement with Miss McCann whereby, subject to the approval of the surrogate, her alleged cause of action was to be settled upon payment of a definite sum by the administrators. Appellant refused to unite in the settlement and declined to sign a check upon the funds of the estate in payment of the amount of the settlement. This motion followed to compel him so to do.

The conclusion of the learned surrogate in directing that the proposed settlement be consummated was justified by the evidence before him, which indicated that in all probability the best interests of the estate would be subserved by the settlement as proposed rather than by the continuation of the protracted and expensive litigation. If the challenged power exists, conferring discretion upon the surrogate, it was properly exercised.

We cannot, however, find in the statute any grant of power to the surrogate to do more than authorize and approve a settlement willingly made theretofore by the personal representatives of a decedent. Section 213 of the Surrogate's Court Act was enacted for the purpose of enabling an executor or administrator to obtain approval of a compromise previously entered into. (*Matter of Corbin*, 227 App. Div. 87.) As there stated (p. 90): " The purpose of the section and its antecedent code provisions was to protect executors and trustees prior to their accounting if they choose to seek the approval of the surrogate before consummating a settlement." Indeed, after that decision this statute was amended to confer the same limited power upon a temporary administrator. (Laws of 1931, chap. 358.) It provides for an approval by the surrogate and does not enlarge his authority so as to put an executor or administrator entirely under the surrogate's command in dealing with contested claims.

Research of counsel has not disclosed any case where the power to direct the settlement of a claim against an estate and to impose upon an administrator or executor the will of the surrogate was exercised by a surrogate in a motion made under circumstances similar to those present in this proceeding. If such power were held to exist, a testator's personal representative might be required

by the mandatory decree of a surrogate to settle claims against the estate believed by such executor to be unfounded, and the discretion of the surrogate would override and supplant the opposing judgment of the individual named in the will to take charge of and administer a testator's property.

Claimant is not deprived of her remedy. She may continue her action to judgment, or by filing an appropriate consent may have the validity of her claim determined by the surrogate upon the final accounting.

If the estate shall suffer by reason of the appellant's opposition to the proposed compromise and it can be shown that his conduct is, as is here suggested, the outgrowth of personal venom against the claimant and that he is actuated by improper motives and has willfully opposed a meritorious settlement in disregard of the duty which he owes to the estate, he can in an appropriate proceeding be held to respond in damages.

The order appealed from should be reversed, with ten dollars costs and disbursements payable out of the estate, and the motion denied.

FINCH, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements to the appellant payable out of the estate, and the motion denied.