In the Matter of the Estate of LILLY E. LEOPOLD, Deceased.

LYDIA A. McCANN et al., Appellants; JOSEPH W. LEO-POLD, Individually and as Administrator of the Estate of LILLY E. LEOPOLD, Deceased, Respondent.

(Argued March 14, 1932; decided June 1, 1932.)

*Sydney A. Syme* for Lydia A. McCann, appellant. The Surrogate's Court had power to authorize the compromising or compounding of the claim as an established debt under section 210 of the Surrogate's Court Act and to direct its payment. (*Matter of Dorland,* 100 Misc. Rep. 236; *Murray* v. *Blatchford,* 1 Wend. 583; *Douglass* v. *Satterlee,* 11 Johns. 16; *Barry* v. *Lambert,* 98 N. Y. 300; *Wheeler* v. *Wheeler,* 9 Cow. 34; *Bogart* v. *Hertell,* 4 Hill, 492; *Matter of Bradley,* 25 Misc. Rep. 261; 42 App. Div. 301; *Heath* v. *Grenelle,* 61 Barb. 190; *Chambers* v. *Cruikshank,* 5 Dem. 414; *Matter of Gillman,* 92 App. Div. 462; 178 N. Y. 606; *Matter of Prince,* 56 Misc. Rep. 222; *Matter of Miles,* 170 N. Y. 75; *Matter of Murray,* 128 Misc. Rep. 198; *McQuaide* v. *Perot,* 223 N. Y. 75.)

*Philip F. Farley* for Paul C. Schnitzler, appellant. The Surrogate's Court had the power to make the order appealed from. (*Matter of Dorland,* 100 Misc. Rep.

236; *Matter of Warrin,* 56 App. Div. 414; Surrogate's Court Act, § 210; *Matter of Miles,* 170 N. Y. 75.)

*Thomas G. Prioleau* for respondent. The Surrogate's Court was without power to compel the objecting administrator to settle the action. (*Chouteau* v. *Suydam,* 21 N. Y. 179; *Matter of Bronson,* 69 App. Div. 487; *Matter of Corbin,* 227 App. Div. 87.) One administrator is not vested by law with the power to compromise or settle a claim against the estate over his co-administrator's objection, even with the sanction of the court. (*Matter of Dorland,* 100 Misc. Rep. 236; *Matter of Ehret,* 70 Misc. Rep. 576; *Matter of Johnson,* 123 Misc. Rep. 834.)

LEHMAN, J. An action against the decedent was pending at the time of her death. Thereafter negotiations were initiated to compromise the claim in suit. One of the administrators of the decedent's estate is willing to enter into an agreement to settle and compromise the claim on terms satisfactory to the plaintiff, subject to the approval of the Surrogate. His co-administrator refuses to join in such agreement. The administrator who is willing to enter into the compromise agreement has petitioned the Surrogate to authorize and approve the compromise agreement and to direct his co-administrator to join with him in its payment.

"An executor or administrator has the power to settle or compromise claims for or against the estate (*Murray* v. *Blatchford,* 1 Wend. 583) and a settlement made by him can be set aside only upon proof of bad faith or fraud." (*Scully* v. *McGrath,* 201 N. Y. 61, 64.) It is the duty of an administrator to settle the affairs of the estate and payment, compounding and adjusting of claims are steps in the performance of such duty. True, a representative of an estate who, without compulsion of judicial decree, compromises and pays a claim, is subject to the risk of being charged with the amount in the settlement of the estate if the claim is invalid or the settlement imprudent.

The purpose of section 213 of the Surrogate's Court Act is to protect fiduciaries if they choose to seek the approval of the Surrogate before consummating a settlement. (*Matter of Corbin*, 227 App. Div. 87.) The petitioning administrator seeks to avail himself of the provisions of that section for his own protection and to compel his co-administrator to join in payment of the claim in accordance with the compromise agreement which, it is claimed, is for the best interests of the estate.

The Surrogate granted the application. The Appellate Division reversed on the ground that the Surrogate had no power to approve a compromise where one administrator refuses to join in it. At the same time it held that the evidence justified the conclusion " that in all probability the best interests of the estate would be subserved by the settlement as proposed rather than by the continuation of the protracted and expensive litigation." (233 App. Div. 412, 413.)

The administration of a decedent's estate requires the exercise of judgment and discretion. The Surrogate has power to review that discretion, but not to substitute his own discretion for the discretion of those upon whom the duty has been cast of settling the affairs of the estate. Section 213 of the Surrogate's Court Act empowers the Surrogate to review the discretion of the fiduciaries in advance of an accounting and thus to protect fiduciaries against a charge that they had injured the estate by negligence or bad judgment. By approval in advance of a compromise agreement, the Surrogate can afford protection to an administrator compromising a claim. He cannot compel a co-administrator to join in the compromise if the co-administrator deems it ill-advised. That is the ground for the decision of the Appellate Division. It assumes that a compromise of a claim by one of several executors or administrators cannot bind the estate, because a compromise of a claim involves an exercise of discretion. and a single administrator can,

without the co-operation of his co-administrator, act for the estate only when performing his ministerial duties.

That assumption is not in accord with the rule which is well established in this State and in other jurisdictions. It is true that decision whether a claim should be contested, adjusted, or paid in full calls for the exercise of judgment. Otherwise, there would be little, if any, purpose in providing that the Surrogate may approve of a compromise or payment in advance of an accounting. Nevertheless it is the general rule that any one of several executors or administrators may collect, discharge or compound a debt. (2 Woerner on The American Law of Administration [3d ed.], § 353.) So in *Murray* v. *Blatchford* (1 Wend. 583, 591) (cited with approval in *Scully* v. *McGrath, supra*) the court after an exhaustive examination held that one administrator may release, pay or compromise a debt in spite of " the actual and known dissent of the co-administrator. * * * The power of each administrator, in law, is full and entire, and though he acts at his peril, and subject to an accounting, yet what he does, stands good in law, unless fraud is shown, which will invalidate every transaction."

The Surrogate's Court Act has provided the means by which that peril may be avoided. One administrator shows that a compromise, which he desires and has power to agree to, would serve the best interests of the estate. The dissent of the co-administrator cannot affect the force of the compromise agreement, nor can it deprive the Surrogate of power to approve of the agreement for the settlement of the claim. Any other rule would be anomalous and serve only to impede the administration of the estate. The objecting co-administrator is not directed to join in the compromise; the compromise agreement is valid in spite of his dissent. He is directed only to pay, and the Surrogate has unquestioned power to compel payment out of the estate of a claim which has not been rejected.

The order of the Appellate Division should be reversed, and the order of the Surrogate's Court affirmed, with costs in this court and in the Appellate Division to the appellants, payable out of the estate.

POUND, Ch. J., CRANE, O'BRIEN and HUBBS, JJ., concur; KELLOGG, J., not sitting.

Ordered accordingly.