In the Matter of the Estate of MARY McENERY, Deceased.

Surrogate's Court, New York County, April 3, 1935.

*T. Louis A. Britt,* for Margaret Kerwin, coadministratrix, objectant.

*William Zuckerberg,* for Jane Reilly, coadministratrix, petitioner.

*Kathryn A. Wendel,* special guardian.

FOLEY, S. The objections to the account are overruled, and the claim of the objectant is dismissed. It appears that under a decree of this court rendered June 29, 1914, upon a judicial settlement of the account of the objectant, as administratrix of the estate of Mary Rudden, costs were charged personally against the decedent and in favor of the objectant in the sum of $426. Such costs were never paid by the decedent. On May 21, 1934, a claim therefor was filed against the decedent's estate and was rejected by her administratrix.

I hold that the Statute of Limitations is a bar to the recovery of the claim. Under section 44 of the Civil Practice Act, " A final judgment or decree for a sum of money or directing the payment of a sum of money, rendered in a court of record within the United States or elsewhere, * * *, is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it is first entitled to a mandate to enforce it." The words " a mandate to enforce it," as used in the foregoing section of the Civil Practice Act, refers to an execution issued to a sheriff, or a like command to one in a ministerial office. (*Matter of Watson,* 163 App. Div. 41.)

Under section 83 of the Surrogate's Court Act, " A decree directing. the payment of a sum of money * * * to one or more parties, may be enforced by an execution against the property of the party directed to make the payment. The execution must be issued by. the surrogate, or the clerk of the surrogate's court, under the seal of the court, and must be made returnable to the court." The date of the rendition of the decree of the surrogate, therefore, was the date when the objectant first became entitled to have execution issued out of this court. She could have immediately taken steps to procure such execution at that time. Her failure to take the necessary steps to enforce collection, in accordance with the provisions of the statute, cannot now inure to her own benefit. The

twenty-year statutory period expired on June 29, 1934. The mere filing of her claim on May 21, 1934, did not stay the running of the statute. (*Matter of Schulze*, 120 Misc. 287; *Matter of Amarante*, 148 id. 825.) Her claim is, therefore, barred.

Submit decree on notice dismissing the objections and settling the account accordingly.