In the Matter of the Estate of DORA BALLENZWEIG, Deceased.

Surrogate's Court, Bronx County, September 30, 1940.

*Lester A. Kent* [*Myron P. Gordon* of counsel], for Rose Eshay, as administratrix, etc.

*Newman & Bisco* [*Martin L. Stein* and *N. Wolfe Morgan* of counsel], for the Manufacturers Trust Company.

*Fertig, Walter & Gottesman* [*Samuel Gottesman* and *James L. Walter* of counsel], for the Great American Indemnity Company.

HENDERSON, S.  The objectant, the Manufacturers Trust Company, predicates its claim against the estate upon a judgment

obtained in the Municipal Court of the City of New York against the decedent on January 15, 1920. The deceased died on February 16, 1939, and letters of administration issued on June 19, 1939.

The claim has been rejected on the ground that the judgment was conclusively presumed to have been paid on January 15, 1940, pursuant to the provisions of section 44 of the Civil Practice Act, which reads:

" When satisfaction of judgment presumed. A final judgment or decree for a sum of money or directing the payment of a sum of money, rendered in a court of record within the United States or elsewhere, or a judgment of a court of this State not of record docketed in a county clerk's office upon a transcript filed therein pursuant to law, is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it. This presumption is conclusive, except as against a person, who within twenty years from that time makes a payment or acknowledges an indebtedness of some part of the amount recovered by the judgment or decree, or his heir or personal representative, or a person whom he otherwise represents. Such an acknowledgment must be in writing and signed by the person to be charged thereby. A person may avail himself of the presumption created by this section under an allegation that the action was not commenced, or that the proceeding was not taken, within the time therein limited."

The objectant herein filed a proof of claim with the administratrix. I find from the evidence that in November, 1939, a lawyer employed by the attorney for the administratrix called at the office of the attorney for the bank and made an offer of settlement for her. That offer was to pay the face amount of the judgment and half of the interest. The bank's attorney communicated with his client and was authorized to accept the offer. He communicated the acceptance of the offer to the estate's attorney. He was then advised that payment would be made as soon as the administratrix could raise the money.

Later the attorney for the administratrix sent a letter to the bank's attorneys, which is contestant's Exhibit 4 in evidence and which reads:

" LESTER A. KENT
Counselor at Law
370 East 149th Street
New York

. . . . . . . . . . . . . . . . .
Mott Haven 9–3434

" MYRON L. STEFFEN
JOHN P. GAVAN                                    December 19th, 1939

" NEWMAN & BISCO, Esqs.
29 Broadway
New York City

" Attention: Mr. STEIN
Re: Estate of Dora Ballenzweig
. . . . . . . . . . . . . . . . . . . . . . . .

" GENTLEMEN:

" In connection with the above estate, I am writing to advise you that the administratrix desires to wait the full period of seven months from the date of her appointment before considering the payment of any claims against the estate.

" I wish to thank Mr. Stein of your office for his courtesy in this matter.

" Very truly yours,
" MYRON L. STEFFEN.

" MLS:TB "

On January 4, 1940, the bank attempted to institute an action on the 1920 judgment against the administratrix for the full amount of the judgment with full interest. After the Statute of Limitations had run against the 1920 judgment, a motion was made to set aside the service on the ground that the administratrix had not been served personally. The service was set aside.

The filing of the proof of claim by the bank did not stay the running of the statute as provided by section 44 of the Civil Practice Act. (*Matter of McEnery*, 155 Misc. 337.)

If nothing further was done, the bank's claim would have become non-existent on January 15, 1940. (*Matter of Murray*, 272 N. Y. 228; *Matter of Hoes*, 183 App. Div. 38.)

The administratrix as a duty and as one of the incidents of her office, may adjust outstanding claims against the estate. At the time she entered into negotiations for settlement, the objectant's claim was a valid claim to which apparently there could be no

legal objection. But in any event she had authority to compromise the claim. If such settlement was improper, she might be held personally responsible to the estate, but in the absence of fraud, her settlement was binding on the estate. (*Matter of Leopold,* 259 N. Y. 274, 276; *Scully* v. *McGrath,* 201 id. 61, 64.)

In the instant case there was an offer of settlement by the administratrix, and such offer was accepted by the creditor. Had no further step been taken, it is my opinion that the objectant could have enforced its claim pursuant to the terms of settlement in this proceeding.

Its attempt to start an action subsequent to the settlement is inconsistent with its present position. Such action was not to enforce the settlement, but to enforce its judgment with full interest. That act was a withdrawal of its acceptance of the offer of the administratrix. The administratrix then had the alternative of enforcing the settlement or permitting the objectant to withdraw. She has chosen the latter course. Under the circumstances, she is correct in urging that section 44 of the Civil Practice Act is a bar to the objectant's claim.

The claim is dismissed.

Settle decree.