In the Matter of the Estate of ANTOINETTE CONVERSE, Deceased. EMILY H. v. R. SPRECKELS, as Ancillary Executrix of MAXIMILIAN VON ROMBERG, Deceased, Petitioner; STODDARD M. STEVENS, JR., as Executor of ANTOINETTE CONVERSE, Deceased, Respondent.

Surrogate's Court, New York County, August 14, 1942.

*Boston & Gillis* (*Lyon Boston* of counsel), for petitioner.

*Sullivan & Cromwell* (*John F. Dooling, Jr.,* of counsel), for Stoddard M. Stevens, Jr., respondent.

Foley, S. This is an application brought on pursuant to section 40 of the Surrogate's Court Act, for an order directing the executor of the decedent to institute on behalf of the estate proceedings for the recovery of certain alleged uncollected assets consisting of the proceeds of real estate to which it is claimed the estate is entitled.

The petitioner in this proceeding is the ancillary executrix of the estate of Maximilian von Romberg, who was a son and one of the distributees of the decedent and also a legatee and devisee of one-third of her residuary estate. Antoinette Converse died on December 16, 1936. She was one of three heirs at law, legatees and devisees of the estate of her father, Edmund C. Converse, who died in 1921, a resident of the State of Connecticut, and whose will was there probated. Under the terms of the will of Edmund C. Converse his residuary estate was given in trust to pay the income to his descendants during a period measured by the lives of those descendants as should be living at his death. He left ten descendants. He died possessed of certain real property in the State of New York. It is asserted that while the trust may be valid under the laws of Connecticut, it would not be valid as to the real property in this State under our laws, and that as to such real property Edmund C. Converse died intestate. The petitioner asserts that the decedent, Antoinette Converse, therefore became vested, as one of the heirs at law of Edmund C. Converse, with a one-third share of the real property in New York or its proceeds, and that she, as the representative of Maximilian von Romberg, a legatee and

devisee of his mother, is entitled to a proportionate share of the proceeds of sale of the real property. It is conceded that such real property was sold by the executors of the estate of Edmund C. Converse between the years 1925 and 1927. The executor of this decedent's estate contends that the executors of the estate of Edmund C. Converse never treated the real property involved, while it was in the form of real property, as a part of the property which they were administering under the residuary or the specific trusts set up by Edmund C. Converse's will. They accounted for their doings with respect to the real estate in their capacity as executors. Only after the sale of the real estate did they transfer to themselves as trustees the proceeds of such sale. They contend, further, that an equitable conversion of the real property in New York was intended by the terms of his will.

The three children of Edmund C. Converse who survived him have now died. Six grandchildren survive, the petitioner representing the one deceased grandchild, Maximilian von Romberg. No claim was asserted against the real estate or its proceeds by the decedent, Antoinette Converse, or the other two heirs and distributees of Edmund C. Converse during their respective lives. To date none has been asserted by the present six surviving grandchildren of Edmund C. Converse, who have the same legal interests which the petitioner here claims on behalf of her decedent, Maximilian von Romberg.

The executor of the estate of the decedent, Antoinette Converse, the respondent here, has refused to institute any proceedings for the recovery either of the real property or its proceeds. In these circumstances and in view of the long period of time which has elapsed since the sale of the real estate, the surrogate will not interfere with such exercise of the discretion of the executor. Moreover, since it does not appear that his refusal to bring proceedings is directed by an unreasonable judgment, but rather because of possible conflicting claims and interests, the surrogate will not substitute his own judgment for that of the executor, upon whom the duty has been cast to settle the affairs of the estate. (*Matter of Leopold,* 259 N. Y. 274, 277.) Ample relief is afforded the petitioner on her own behalf, as the ancillary executrix of a devisee, to pursue whatever rights she may have, either in the courts of Connecticut, where the will of Edmund C. Converse was admitted to probate, or in the Supreme Court of the State of New York. (*Bonham* v. *Coe,* 249 App. Div. 428, 431; affd., 276 N. Y. 540; *McQuaide* v. *Perot,* 223 N. Y. 75; *Harvey* v. *McDonnell,* 113 N. Y. 526.)

The application is accordingly denied. Submit order on notice.