In the Matter of the Estate of EDWARD J. BARBER, Deceased.

Surrogate's Court, New York County, January 26, 1954.

*Murray C. Bernays* and *Harold D. Klipstein* for Ethel A. Barber, petitioner.

*Herman Goldman, Milton J. Levitt* and *Paul Bauman* for Edward J. Barber, Jr., and another, as executors of Edward J. Barber, deceased, respondents.

*Frank Gioeli* for State Tax Commission, respondent.

COLLINS, S. The executors have completed negotiations with the State of New York and the State of Connecticut for a compromise of estate taxes pursuant to section 249-o of the Tax Law. The widow of the testator seeks an order restraining and enjoining the executors from taking any steps to consummate the compromise agreement, from qualifying as executors in the State of Connecticut and from taking any proceedings in that State to have estate taxes fixed unless the proposed agreement is first approved by this court, after notice to all of the persons interested in the estate. She also seeks an examination of the executors in respect of all information relating to the jurisdiction of the State of Connecticut in a tax proceeding,

the terms of the proposed compromise and the reasons for entering into it. The widow contends that the decedent was domiciled in the State of New York. She is a legatee under the will and a trust beneficiary but she claims a right under section 18 of the Decedent Estate Law, to take her intestate share outright. Any right of election she may have under section 18 depends upon New York domicile. She argues that in the event she successfully establishes her right to elect against the will and to take her share outright, and in the further event that estate taxes should be allocated against her share in a larger amount than would be justified if New York alone had jurisdiction to tax, the proposed compromise might work to her individual prejudice and to the benefit of the residuary legatees.

Apart from special statutory provisions, the executors under the will of a testator have the authority under general principles of law to compromise a claim or compound a debt (*Chouteau* v. *Suydam*, 21 N. Y. 179, 184; *Scully* v. *McGrath*, 201 N. Y. 61, 64; *Matter of Leopold*, 259 N. Y. 274, 276). Section 213 of the Surrogate's Court Act permits a fiduciary to seek judicial authorization of a proposed compromise, but the object of the statute is not to confer power which the fiduciary would not otherwise have but rather to give him additional protection in the exercise of his undoubted power. (*Matter of Leopold, supra; Chouteau* v. *Suydam, supra.*) The executor is not bound to seek judicial permission to compromise a claim. Even under that section, however, the Surrogate has power to review the discretion of the fiduciary " but not to substitute his own discretion for the discretion of those upon whom the duty has been cast to settle the affairs of the estate." (*Matter of Leopold, supra*, p. 277.)

Here the executors do not seek a review of their discretion in advance of their action. They have proceeded not only on the basis of their common-law authority to compromise a claim against an estate, but under explicit power conferred upon them by section 249-o of the Tax Law. That section, immediately following text authorizing the Tax Commission to enter into a written agreement with the foreign taxing officials and with the executor reads: " Full power and authority is hereby conferred upon the executor to enter into the agreement provided for herein." There can be no doubt, therefore, of their power to enter into the compromise without prior court authorization.

In a case where an executor proposes to commit a wrongful act whereby the estate would be irreparably damaged, this court would, under its power to control the conduct of fiduciaries (Surrogate's Ct. Act, § 40) take action to protect the estate. Here, however, the executors are acting in a field in which they have been given full power and authority to act, and they are acting within the limits of the power conferred upon them. "That two or more states may each constitutionally assess death taxes on a decedent's intangibles upon a judicial determination that the decedent was domiciled within it in proceedings binding upon the representatives of the estate, but to which the other states are not parties, is an established principle of our federal jurisprudence." (*Texas* v. *Florida*, 306 U. S. 398, 410.) The hardship of double taxation has prompted this State to authorize its officers to compromise estate taxes when both New York and another State claim domiciliary jurisdiction to tax. The acceptance of the compromise by the taxing authorities of two States indicates a real basis for contest of the question of domicile, for neither State presumably would give up part of the tax money if the claim of the other was unsubstantial. The compromise of the taxes can benefit the estate, not only in avoiding double taxation but in obviating expenditure of large sums in litigation. The law casts upon the executors the duty of determining the course of action that will best serve the estate interests and this court cannot substitute its judgment for that of the executors. In reaching the conclusion to compromise or to litigate, many factors must be weighed by the executors. If they could be compelled in advance of agreement to make public disclosure of the reasons they deem the estate benefited by the compromise, or to litigate with beneficiaries issues they seek to avoid litigating with their main adversary, the proposed compromise may well be lost, for the adversary, as well as the beneficiaries, may become convinced that the estate will gain more by compromise than it could probably win by contest.

The application is in all respects denied.