In the Matter of John P. Crane, Appellant-Respondent, against George P. Monaghan, as Fire Commissioner of the Fire Department of the City of New York, et al., Respondents-Appellants.— We deem it unnecessary to pass upon the contentions of the respective parties as to whether section 903 of the City Charter was violated by the petitioner on January 29, 1951. The court properly exercised its discretion in granting respondents' application to reopen and serve an amended answer. It clearly appears therefrom that on February 8, 1951, the petitioner refused to waive immunity in the actual presence of the Grand Jury. Thereupon, in any event, his employment by the City of New York terminated pursuant to the provisions of section 903. Order unanimously modified so as to provide that petitioner's employment terminated on February 8, 1951, and petitioner be paid his salary as a city employee for the period from January 29, 1951, to February 8, 1951. As so modified the order is affirmed. Settle order on notice. Present — Peck, P. J., Callahan, Breitel, Bastow and Bergan, JJ.

In the Matter of the Estate of Edward J. Barber, Deceased. Ethel A. Barber, Appellant; Herman Goldman et al., as Executors of Edward J. Barber, Deceased, Respondents.— It is clear upon the face of the papers that there is a sufficiently substantial issue as to domicile of the testator to warrant a compromise of the estate tax liability between the States of New York and Connecticut. There is no indication that the suggested self-interest of the executors in the matter has influenced their judgment or action or that the compromise which they have effected is contrary to the interest of the estate or of the widow. On the basis of the present showing, it would appear that a sound judgment has been exercised by the executors and that the Surrogate was well within his discretion in refusing to entertain the application to pass upon the proposed compromise and to enjoin the executors from consummating it pending a hearing. The requested inquiry would hardly be practical at this stage of administration as it would involve a preliminary and superficial determination of some matters which must later be fully determined by the Surrogate and of other matters which may be academic. Also postponement of the compromise pending an inquiry might prejudice the consummation of the compromise and the interests of all concerned. Order unanimously affirmed, with $20 costs and disbursements to the respondents. Present — Peck, P. J., Callahan, Breitel, Bastow and Bergan, JJ. [205 Misc. 596.] [See post, p. 870.]

In the Matter of City Bank Farmers Trust Company, as Trustee under Two Deeds of Trust Made by William W. Astor, Appellant. Clarence G. Feltner, Respondent.— Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied. The respondent has failed to show any satisfactory grounds to reopen this rent fixation proceeding. It appears the respondent consulted an attorney when served with the petition and other papers on August 7, 1952. The default was deliberate. No action was taken by respondent until after a final order had been made nearly a year after the commencement of the proceeding. Present — Peck, P. J., Callahan, Breitel, Bastow and Bergan, JJ.