■ ERWINE LAVERNE et al., Appellants, v. INCORPORATED VILLAGE OF LAUREL HOLLOW et al., Respondents. ERWINE LAVERNE et al., Appellants, v. EDWARD J. MEEHAN, Individually and as Police Sergeant of the Incorporated Village of Laurel Hollow, Respondent.— In two actions to recover damages for conspiracy to deprive plaintiffs of their trade secrets and property rights, and for other relief, the three plaintiffs appeal from an order of the Supreme Court, Nassau County, entered September 1, 1964, which: (a) denied unconditionally the defendants' motion to dismiss the complaint as to the two plaintiffs Estelle Laverne and Laverne, Inc.; (b) denied defendants' motion to dismiss the complaint as to the plaintiff Erwine Laverne on condition that he shall purge himself of his disobedience of the prior court order, entered May 7, 1964, by appearing for pretrial examination on a specified date and answering questions; and (c) directed that in the event he fails to appear for such examination or persists in claiming the privilege against self incrimination, his complaint, upon notice to the court and upon filing proof of such default or conduct, shall be dismissed on the ground of his willful disobedience of said prior order and of the order appealed from. On appeal by plaintiff Erwine Laverne: Order, insofar as it affects said plaintiff, affirmed, with $10 costs and disbursements

(*Levine* v. *Bornstein*, 7 A D 2d 995, affd. 6 N Y 2d 892; *Hazlett* v. *Bullis*, 12 A D 2d 784). The said plaintiff Erwine Laverne may purge himself of his said disobedience by appearing for the pretrial examination and properly answering all relevant questions on a date to be fixed in a 10-day written notice served by defendants on his attorneys, or on any other date mutually stipulated in writing. Appeal by plaintiffs Estelle Laverne and Laverne, Inc. dismissed, without costs. As to these two plaintiffs the order appealed from denied unconditionally the defendants' motion; hence, such plaintiffs are not parties aggrieved and have no right of appeal (cf. CPLR 5511). (For prior related appeals, see *Incorporated Vil. of Laurel Hollow* v. *Laverne Originals*, 283 App. Div. 785, affd. 307 N. Y. 784; *People* v. *Laverne*, 14 N Y 2d 304.) Beldock, P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.