█ MICHAEL PONTRELLI, Respondent, v. VINCENT J. FERRARI, as Executor of HARRY COHEN, Deceased, Appellant.— Appeals by defendant, as limited by his brief, (1) from so much of an interlocutory judgment of the Supreme Court, Queens County, entered June 6, 1967 after trial on the issues of liability, as is in favor of plaintiff against defendant on plaintiff's first cause of action, upon a jury verdict, and as dismissed defendant's counterclaim, upon the trial court's decision; and (2) from an order of said court, dated July 25, 1967, which denied defendant's motion *inter alia* for a new trial and to vacate a stipulation as to the amount of plaintiff's damages. Order affirmed insofar as it denied the part of defendant's motion which sought to vacate the stipulation, without costs. No opinion. Appeal from the remainder of the order and appeal from the judgment dismissed, without costs. The judgment, with notice of entry thereof, was served by mail on defendant's attorney on June 6, 1967. The notice of appeal from the judgment, dated July 31, 1967 and served by mail on plaintiff's attorney on August 1, 1967, was untimely (CPLR 5513, subd.

[a]). The motion for a new trial, etc., was not made until June 8, 1967, a period of more than 15 days after May 18, 1967, the date of the discharge of the jury. No appeal lies from so much of the order as denied the motion (1) for a new trial, made on the trial minutes, or (2) to set aside the determination in favor of plaintiff upon the trial limited to the issues of liability, or for judgment notwithstanding such determination pursuant to CPLR 4404 (*Fortgang* v. *Chase Manhattan Bank*, 29 A D 2d 41; *Leis* v. *Estate of Morris B. Baer, Inc.*, 29 A D 2d 547). That part of the order which denied defendant's motion to vacate the stipulation was appealable. In our opinion, the stipulation entered into between respective counsel for the parties, to fix the damages at $40,000, etc., should not be vacated, because defendant, an attorney, was present in court and agreed to the terms of the stipulation entered into. An executor of a decedent's estate has the power to settle or compromise claims for or against the estate (*Murray* v. *Blatchford*, 1 Wend. 583; *Matter of Leopold*, 259 N. Y. 274, 276, 278). Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.