S. Samuel Di Falco, S.
In many of its aspects this application reveals actions and circumstances quite out of the ordinary. One coexecutrix seeks to compel her eoexecutrix to pay a claim which she contends is an obligation of this estate; the respondent executrix resists payment of the claim; neither executrix has any personal financial interest to serve one way or the other; and the creditor refuses even to request the court to direct payment of the claim.
The United States has asserted a claim against this estate in the sum of $140,273.83, with interest. The decedent died in *152 March 1958. Originally the United States asserted tax claims against the decedent in excess of one million dollars. The executrices retained special tax counsel and after some proceedings and negotiations, an agreement of compromise was concluded. Both executrices executed an instrument (referred to as Form 870 — ' A D) wherein they waived the restrictions provided in subdivision (a) of section 6213 of the Internal Revenue Code on the assessment and collection of a deficiency in tax, and consented to the collection of a deficiency in the sum of $140,273.83. The Internal Revenue Service approved the agreement and adjusted the tax accordingly. Substantial interest has accrued on the claim. In September 1965, the Government filed an amended claim in the sum of $204,457.20 (which included interest to that date) and interest is accruing at the rate of 6% from September 30,1965.
Both the waiver and acceptance signed by the executrices and the approval by the Internal Revenue Service identify the taxpayer as “ Estate of Arde Bulova, Transferee of the Assets of Orbis Trade & Financial Company, Transferee ” and both (in slightly different wording) identify the transferor as Investors Inter-Continental Corporation. The Government’s approval contains the statement: “ If payment of the assessment against Investors Inter-Continental Corp., Transferor is made your account will be adjusted.”
Petitioner contends that the estate is liable to pay the claim predicated upon the compromise signed by the two executrices (and by no one else on behalf of any other possible debtor). She points out that interest is accruing in a very substantial amount, and she emphasizes the duty of fiduciaries to pay estate obligations with reasonable promptness in order to stop the running of interest. Respondent, on the other hand, argues that the estate of this decedent was not and is not a transferee of any assets of either Orbis or Investors and at no time received any assets of either corporation; that (by virtue of certain complicated transactions not necessary to detail here) the sole transferee of Orbis is an inter vivos trust created by a third person for the benefit of the Joseph Bulova School of Watchmaking, and that any tax transferee liability should be borne by and paid by this trust. An action was instituted in the United States District Court by the respondent executrix in which she seeks a judgment declaring that the trust is liable for the tax and directing payment thereof from its funds, or reimbursement of this estate if prior to such judgment the estate has paid such tax. That action is still pending. As the learned District Judge has pointed out in his decision of a preliminary motion, the prose *153 cution of that action will not interfere with the proceeding in this court nor will any decision by this court affect the issues in that action. The respondent’s refusal to pay the claim, without prejudice to rights against the trust, is said not to be an arbitrary refusal, but is based upon her contention that payment could be made only through sale of shares of stock of Bulova Watch Co. Inc., which would result in substantial capital gains tax liability against this estate.
The United States was represented by counsel at the hearing only because an official had been subpoenaed as a witness. The court pointed out more than once at the hearing that a demand by the United States for payment of its claim would require this court to direct payment forthwith. This demand counsel for the United States refused to make, saying: “ It is irrelevant to us whether we are paid by the estate or the trust. That is the question that we will not at this point get involved in. * * [The Government expects to be paid] [w]hen they file their final accounting.” In response to the question whether the Government wished to wait and to another inquiry as to its wish to do something about it now, the answer to the first question was, “As of now that is fine with us ”, and to the second, “ Not today.” We thus have a dispute between two fiduciaries over payment of a claim and a willingness by the claimant to let the question be deferred to some future time.
Coexecutors are regarded in law as one person. They have a joint and entire authority over the whole property which is committed to their care. The acts of any one of them in respect of the administration of the estate are deemed to be acts of all. Thus one of two executors may assign a note belonging to the estate of the testator, may sell personal property of the estate, pay a debt, assent to a legacy, or compromise a claim in favor of or against the estate without the concurrence of the other (Barry v. Lambert, 98 N. Y. 300, 308; Geyer v. Snyder, 140 N. Y. 394, 399; Matter of Leopold, 259 N. Y. 274, 278; Pearse v. National Lead Co., 162 App. Div. 766, 771; Matter of Appell, 199 App. Div. 580, 582; Matter of Hammer, 237 App. Div. 497, 503, affd. 261 N. Y. 677; Wheeler v. Wheeler, 9 Cow. 34; 3 Schouler, Wills, Executors and Administrators [6th ed.], § 2233; 2 Woerner, American Law of Administration [3d ed.], § 346; Executors and Administrators — Powers of Co-Executors, 33 Mich. L. Rev. 99; The General Powers and Relations of Co-Executors, Evans, 14 N.Y.U.L.Q. Rev. 127; 3 Bacon’s Abridgement of the Law [5th ed.], p. 30.) Hence there can be no doubt of petitioner’s authority to pay a claim which in her judgment is valid and enforceable, without the concurrence of respondent.
*154 We recognize, however, that though legal authority may exist, practical considerations may make impossible effective action by one alone. Thus, agreement with a depository may require joint action on a withdrawal, or refusal by a necessary third party to participate in a transaction with one fiduciary, may frustrate a sale or transfer of assets. It may, therefore, be impossible in a particular case for one of several executors to consummate a transaction, notwithstanding her authority in law to do so.
In administering the affairs of a decedent, his executor must exercise judgment and discretion in many jnatters. The Court of Appeals has cautioned that the “ Surrogate has power to review that discretion, but not to substitute his own discretion for the discretion of those upon whom the duty has been cast of settling the affairs of the estate.” (Matter of Leopold, 259 N. Y. 274, 277.) In that case the court held that the Surrogate could not compel a cofiduciary to join in a compromise which that cofiduciary deemed ill advised. Such a decision of a fiduciary would involve a business judgment, with which the court generally may not interfere. We need not here decide the extent of the field within which a fiduciary may act free of court restraint or the areas wherein the court may mandate or limit action. (See 3 Scott, Trusts [3d ed.], p. 1501; Price v. Price, 341 Mass. 390.) It is enough to say that the present controversy has ramifications too wide to permit the court to attempt to control action on the record which is now before the court and in the absence of other persons having a financial interest in the question, particularly where the creditor refuses even to assert its right to payment from this estate.
The petitioner may be concerned over possible liability for damages resulting from delay in payment. The estate may indeed be damaged by delay in payment of a claim. However, a fiduciary who has done all that is reasonably possible for her in the discharge of her official duties, need not fear the imposition of personal liability. If it ultimately comes to pass that the estate suffers financial damage from delay and such delay is the result of the imprudence of a fiduciary, such fiduciary can be held accountable for any such damage to the estate. The court is not to be understood as saying that the respondent’s action is prudent, is within the bounds of reasonable judgment, is proper or the contrary of any of these. It holds only that on this record and under existing circumstances, it cannot interfere with the judgment and discretion of the executors. The petition is dismissed without prejudice.