OPINION OF THE COURT
John D. Bennett, J.
This application raises an interesting question of the executor’s authority and the court’s power to compromise a claim against the estate over the opposition of all of the beneficiaries.
The claim is the subject of litigation in which the executor so far has been successful in dismissing the action against the decedent and his solely owned corporation, Jay B. Rappaport, Inc., on a motion for summary judgment. However, the matter is presently on appeal and the executor urges that in order to avoid the possibility of a reversal the matter be settled for $250,000 rather than risk a potential liability of more than $1,000,000. The beneficiaries maintain that the decision of the lower court is correct and have resisted any settlement.
SCPA 1813 permits a fiduciary, either on notice or ex parte, to apply on good cause shown for authority to compromise a claim either in favor of or against an estate. However, apart from any statutory provisions the executor or administrator has the power to settle or compromise claims for or against an estate (Matter of Leopold, 259 NY 274, 276; Scully v McGrath, 201 NY 61, 64; Matter of Barber, 205 Misc 596, affd 283 App Div 785). EPTL 11-1.1 (subd [b], par [13]) is a codification of this common-law authority. The prerogative given a fiduciary under SCPA 1813 to seek judicial review of a proposed compromise does not, therefore, confer authority upon him which he does not otherwise have, but rather gives him additional protection in the exercise of that undoubted power (Matter of Leopold, supra, p 277). The executor is, therefore, not bound to seek judicial permission to compromise, and even if he does, while the Surrogate has power to review that discretion, he cannot substitute his own discretion for the discretion of those upon whom the duty has been cast of settling the affairs of the estate. (Matter of Leopold, supra, p 277.)
The Leopold case involved a dispute between coadministrators as to the advisability of a proposed compromise, and the Court of Appeals held that the Surrogate had unquestioned power to compel payment out of the estate of a claim in the amount for which it had been compromised, notwithstanding the opposition of one of the coadministrators. This application *912 presents the question of whether that power is just as viable when all of the beneficiaries, rather than a cofiduciary, oppose a compromise. In the Leopold case the court stated the rationale for its rule was that any other proposition "would be anomalous and serve only to impede the administration of the estate.” (Matter of Leopold, supra, p 278.) Similarly here, any other rule could easily frustrate the proper administration of this estate. It is the duty of an administrator to settle the affairs of an estate, which includes the power to compromise claims. If this power were contingent upon the consent of persons interested in the estate such "power” would be almost meaningless (Power and responsibility of executor or administrator to compromise claim against estate, Ann. 72 ALR2d 243, 261). Moreover, SCPA 1813 authorizing the court’s approval of a compromise for or against an estate would have little, if any, purpose if the beneficiaries could block such approval merely by refusing to give their consent to the compromise. This is to be distinguished from a proceeding for authority to compromise a controversy between different claimants to the estate under SCPA 2106 where all interested persons (other than named executors to whom letters have not issued and persons not affected by the compromise) must eventually execute the agreement.
At a conference held on this matter it became clear that the testimony of one or more of the individuals present at that time would be necessary in order to properly review the discretion of the executor in urging approval of the proposed compromise. Accordingly, this matter is set down for a hearing on Wednesday, April 2, 1980 at 10:00 a.m. In the event there is a possibility of insolvency in this estate creditors should also be given notice of this application.