OPINION OF THE COURT
Evans V. Brewster, S.
During the pendency of a contested proceeding by the coexecutrix, surviving spouse of decedent, to determine the validity of a claim and for a construction of a separation agreement, as amended, decedent’s son, a coexecutor, moved for a decree authorizing, ratifying and confirming an agreement settling the objections. The settlement agreement presented to the court was signed and acknowledged by all adult parties except decedent’s daughter, Elaine, and granddaughter, Paula, and was submitted to the court subject to the report of the guardian ad litem for approval of the settlement proposed.
In its preamble, the settlement agreement recites that the *754 parties have concluded that it is in the best interest of all of them and the estate to settle all outstanding controversies among them with respect to the will and the obligations. It is apparent that this statement must be limited to the parties to the agreement, because Elaine Mathews and Paula Mathews are not parties to the agreement and object vehemently to the settlement proposed. The settlement agreement sets forth figures which the parties to the agreement believe to be the total gross testamentary estate as well as the probable gross estate for Federal estate tax purposes. These figures which they agree upon, were used to develop the proposed settlement.
Under the agreement, the son will resign as executor. He and the former spouse agree to renounce any appointment as trustees; and the total amount of settlement of the claims of the son and the former spouse, less $37,500 for executor’s commissions and $5,000 for expenses by the son, will be paid to attorneys to be held in escrow pending completion of the terms of settlement, if approved by the court. It is argued that the parties not signing are not affected by the settlement since there are sufficient assets on hand to cover any decree establishing the claims of Elaine and Paula. In opposing the settlement, not only do Elaine and Paula dispute the size of the testamentary and taxable estate, but they also oppose any commissions to the coexecutor son or consent to his resignation, until an accounting is before the court. They also allege that the estate has insufficient assets to secure their claims and that most of the assets are in the possession of the surviving spouse and her children and should be returned to the estate.
The guardian ad litem notes that while the settlement agreement fails to include all interested parties and therefore cannot be accepted as a compromise in accordance with SCPA 2106, the agreement expressly reserves the rights of the infant to an accounting. Therefore, he does not oppose the settlement and approves of it as a settlement of claims under SCPA 1813. By a separate agreement, the coexecutrix spouse will pay $20,000 to the infant as compensation for the reduction of the corpus of the trust for the benefit of the infant in the residuary estate resulting from the proposed settlement.
In the compromise proceeding now being considered, the statutory authority is not stated, although petitioner seeks a court decree authorizing, satisfying and confirming the settlement agreement annexed thereto, and directing the guardian ad litem for an infant to execute the same. It would appear *755 that the procedure intended was to comply with SCPA 2106 (1) where the compromise of controversies between claimants to property or estates may affect persons under disability or not in being. If so, the proceeding is procedurally faulty since the statute requires that "all parties in being claiming an interest in the estate affected by the agreement shall be parties in person or by guardian or committee.” (SCPA 2106 [1] [a].) There can be no question that decedent’s daughter, Elaine, and his granddaughter, Paula, are persons in being that claim an interest in the estate affected by the agreement. They are not only not parties to the agreement, but they oppose it. The statute is explicit that all parties must join in the agreement. Accordingly, no approval can be given pursuant to SCPA 2106.
It has been suggested that approval may be given pursuant to SCPA 1813 (1). Under that section, the court may authorize the compromising or compounding of any debt, claim or demand, due or to become due, which it is necessary to settle, adjust or liquidate in connection with the settlement of an estate. The consent of all parties is not required under this statute. (Matter of Rappoport, 102 Misc 2d 910.) SCPA 1813 (1) relates to a debt or claim where a relationship of debtor and creditor are involved rather than a dispute involving the construction of the will and the amount of a legacy to be received thereunder. (See, e.g., Matter of Leopold, 259 NY 274, compromising an action against decedent pending at the time of death; Matter of Barber, 205 Misc 596, affd 283 App Div 785, compromise of estate taxes; Matter of Dana, 206 Misc 1038, compromise of loan of money to decedent; Matter of Rappoport, supra, settlement of judgment pending appeal.) But even assuming, the statute can be utilized in the matter before the court, it cannot apply to the claim of the coexecutor son which is proscribed by the limitations of SCPA 1805. Further, it appears that the settlement of the claim of the former wife is dependent upon the claims of both the son and former wife being settled so that the denial of one necessarily means the denial of all. Nevertheless, this does not preclude a settlement by the coexecutors with the former wife. The fiduciary has such power without seeking court approval (EPTL 11-1.1 [b] [13]).
Accordingly, the application seeking court approval of claims made by decedent’s former wife and his coexecutor son and the settlement agreement is denied.