■ In the Matter of GILLIAN T. SACKLER, Appellant. CAROL MASTER et al., Respondents, et al., Respondent. [596 NYS2d 837] —In a proceeding pursuant to SCPA 1420 for the construction of the will of Arthur M. Sackler, the petitioner Gillian T. Sackler appeals from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated December 14, 1992, which denied the petitioner's request for a preliminary injunction enjoining the executors from selling at auction works of art belonging to the estate.

Ordered that the order is affirmed, without costs or disbursements.

Four of the five coexecutors of the will of the decedent Arthur M. Sackler have voted to sell certain assets of his estate, including maiolica (Renaissance ceramics), bronze, and terra cotta works. The petitioner, Gillian T. Sackler, was the only executor to vote against the sale. Mrs. Sackler is the decedent's surviving spouse and the recipient of the bulk of the estate.

In the present proceeding, the petitioner sought, among other things, a preliminary injunction barring her coexecutors from completing a contract to auction the artwork noted

above. She argued that such an auction or sale would be contrary to the decedent's intent, which, she claimed, was to have his art collection preserved for the benefit of the public.

Based on the papers before him, the Surrogate concluded, and we agree, that the petitioner is not likely to be able to prove that the decision made by her coexecutors should be set aside. The general rule is that the Surrogate has no power "to substitute his own discretion for the discretion of those upon whom the duty has been cast of settling the affairs of the estate" *(Matter of Leopold,* 259 NY 274, 277). The proof presented to the Surrogate failed to demonstrate either a likelihood of the petitioner's success on the merits. Further, a "balancing of the equities" does not favor the petitioner's position, as both sides assert that irreparable harm would be suffered if the adversary's position is sustained *(see generally, Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862; *Moody v Filipowski,* 146 AD2d 675, 678).

The decision of the four coexecutors to sell the assets noted above was justified, in their view, by the need to create a "hedge fund" designed to protect against the possible success of certain claims now pending against the estate. Enforcement of these pending claims could, as the Surrogate found, oblige the estate to tender 839,448 shares of Dun and Bradstreet stock. According to the respondents' attorney, such stock, currently valued at approximately $50,000,000, may increase in value in the future so as to expose the estate to a claim, the amount of which is *"unlimited* on the upside" (emphasis in original).

With this potential claim in mind, the four coexecutors have proposed to use the proceeds of the sale of the artwork noted above in order to purchase Dun and Bradstreet stock under current conditions they deem favorable. The decision made by these four coexecutors was based on their assessment of economic factors, including the present and probable future strength of the art market, as opposed to that of the stock market. The wisdom of such financial decisions is a subject which is beyond the proper scope of judicial review *(see, Matter of Leopold, supra).* We therefore agree with the Surrogate that preliminary injunctive relief was not warranted in this case.

We have examined the petitioner's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.