In the Matter of the Estate of LOUIS FORTUNOFF, Deceased.
Surrogate's Court, Kings County, April 8, 1938.

*Charles Goldenberg*, for Ethel Fortunoff and Max Fortunoff, as administrators, etc.

*Bernard R. Schulman*, for Lena Kaplan, objectant to account, creditor.

*William C. Chanler, Corporation Counsel*, for the department of hospitals, creditor.

WINGATE, S. This proceeding seeks approval of the compromise settlement of a cause of action professedly instituted pursuant to the provisions of section 130 of the Decedent Estate Law to recover for the wrongful killing of this intestate. Since all of the statutory distributees are adults, the application for such approval is both unusual and unnecessary. The reason therefor becomes apparent when it is learned that the decedent was apparently indebted on a judgment for $592.29, recovered on May 24, 1933, and that the petition, in addition to the authorization for compromise, seeks an adjudication of the mode of disbursement of the sum to be received on the settlement without giving any consideration to the claims of the judgment creditor.

The decedent was injured by a truck on November 25, 1936. He thereupon caused an action to be instituted therefor, and this was pending at the time of his death, which occurred on January 8, 1937. The positions of the petitioners and of the judgment creditor are in sharp conflict as to the cause of death, the former maintaining that the death was the result of the injuries and the latter asserting that it was attributable to independent causes.

In any event, the pending action was promptly discontinued after the death, and a new one, for wrongful death, instituted.

The owners of the truck, whereas disclaiming all liability, have offered $1,000 in settlement of all rights of the estate. This settlement, if effectuated, will obviously be in full of all obligations of the defendant arising either by reason of the injury to the decedent in his lifetime or because of his death, if this actually resulted from the accident.

Whereas it seems apparent that the tendered settlement payment is, in reality, little more than a purchase of its nuisance value, it must be assumed for present purposes that it represents a solution

of valid and enforcible obligations resting upon the owners of the truck. The only act on its part which could give rise to such an obligation occurred on November 25, 1936, when the decedent was struck and injured. If, as must be assumed for present purposes, this occurrence was the result of the negligent act of the defendant, it immediately gave rise to a right of the decedent for reimbursement and damages. At common law such a right of action arising *ex delicto* would have abated upon the death either of the injured person or of the wrongdoer. (*Hegerich* v. *Keddie*, 99 N. Y. 258, 266; *Brackett* v. *Griswold*, 103 id. 425, 427; *Bernstein* v. *Queens Jockey Club*, 222 App. Div. 191, 194; *Herzog* v. *Stern*, 148 Misc. 25, 26; affd., 264 N. Y. 379; *Wyatt* v. *Hall's Portrait Studio*, 71 Misc. 199, 201.) This rule was, however, altered by chapter 795 of the Laws of 1935, which repealed the then existing section 119 of the Decedent Estate Law, enacting in its place that " No cause of action for injury to person or property shall be lost because of the death of the person in whose favor the cause of action existed. For any injury an action may be brought or continued by the executor or administrator of the deceased person." Section 120, as simultaneously enacted, provides that " where an injury causes the death of a person the damages recoverable for such injury shall be limited to those accruing before death, and shall not include damages for or by reason of death. The damages recovered shall *form part of the estate of the deceased*." (Italics not in original.) The altered section further carefully distinguishes this newly-created right from that accorded by section 130 of the Decedent Estate Law for recovery for wrongfully causing death.

It will be obvious from the foregoing that any cause of action which ever existed against the owner of the truck had its inception at the time of the accident, and that the right for the injury was one which passed to the administrators as an asset of his general estate. As against creditors of the decedent, their abandonment thereof amounted to a devastavit, for which they may be held liable.

As strict matter of fact, however, it seems obvious that this abandonment could not defeat the rights of the objecting creditor by raising an inference that the settlement recovery was solely a result of the cause of action created by section 130 of the Decedent Estate Law, with the result that the proceeds would be distributable pursuant to section 133 instead of section 83 of the Decedent Estate Law.

The settlement sum is tendered in full of all obligations of the truck owner either under section 119 or section 130. A portion thereof is inevitably attributable to section 119, and under section 120 becomes an asset of the general estate and subject to the claims

of creditors. If the contention of the objectant is sustainable that the decedent died from causes other than the injury the entire sum becomes an asset of the general estate.

The motion for judgment on the pleadings is accordingly denied. The case must be set down for hearing on the issues of whether or not the decedent died from causes independent of the injury, and if not, the proper allocation as between the two causes of action of the settlement sum.

The acceptance of the compromise settlement, to which no one objects and for which approval by this court is unnecessary as all parties are adults, may be made, but the mode of disposition of the proceeds thereof must await the result of the hearing, which may be brought on by either party on usual notice to the other.

Proceed in conformity herewith.