THERESA MIELCAREK, Respondent, v MARY E. KNIGHTS, as Executrix of WILLIAM C. KNIGHTS, JR., Deceased, et al., Respondents, and KEVIN D. COX, as Administrator of the Estate of HENRY W. KONOWALSKI, Deceased, Appellant.

Fourth Department, December 12, 1975

*O'Shea, Adamson, Reynolds & Napier (John Adamson, Jr., of counsel), for appellant.*

*Weaver, Maghran & McCarthy (Irving C. Maghran, Jr., of counsel), for Mary E. Knights, respondent.*

*Hickey, MCHugh & Garlick (Thomas Garlick of counsel), for William A. Stoddard, Sr., respondent.*

CARDAMONE, J.

## QUESTION PRESENTED

The sole question to be determined upon this appeal is whether one tort-feasor who has settled with and obtained a release from the plaintiff, and as to whom the plaintiff is willing to discontinue, is entitled to an order of discontinuance; or is he required to attend and participate as a party defendant in the trial of the action against the remaining defendant tort-feasors.

## STATUTE

The controlling statute is section 15-108 of the General Obligations Law the amendment of which in 1974 (L 1974, ch 742) became effective September 1, 1974. It provides that when a release is given to one of two or more persons claimed to be liable in tort for the same injury the other tort-feasors are not released from liability unless the terms of the release expressly so provide; but the claim of the plaintiff against the other tort-feasors is reduced by the amount stated in the release, or the amount actually paid for the release, or in the amount of the released tort-feasor's equitable share of the damages under CPLR article 14 (contribution) "whichever is the greatest" (General Obligations Law, § 15-108 subd [a]). The released tort-feasor is thereby relieved from liability to any other person for contribution under article 14 (General Obligations Law, § 15-108 subd [b]); and the released tort-feasor, by the same token, is not entitled to obtain contribution from any other person (General Obligations Law, § 15-108 subd [c]).

## FACTS

The facts to which this statute must be applied arose from a three-car accident which occurred on January 28, 1973 in the Town of Murray in Orleans County. The plaintiff, Theresa Mielcarek, was seriously injured when the Konowalski car in which she was riding as a passenger was in collision both with a car operated by William C. Knights, Jr. and with a car operated by William A. Stoddard, Sr. Henry W. Konowalski and William C. Knights, Jr. both died as a result of this auto accident. Plaintiff brought an action against Stoddard and the estates of Knights and Konowalski.

During the pendency of these actions a settlement agreement was reached between plaintiff and the administrator of Konowalski's estate in the amount of $40,000, with plaintiff

reserving her right to continue the action against the other two defendants, Knights' estate and Stoddard. A release was delivered and payment received in that amount. Plaintiff's attorneys tendered a signed stipulation of discontinuance on the merits to the attorneys for the Konowalski estate who signed it and they, in turn, tendered it to the attorneys for Knights' estate and Stoddard. These attorneys declined to sign a stipulation which reserved rights against their clients and also declined to sign stipulations of discontinuance of the cross claim which both of said defendants had entered against the Konowalski estate seeking indemnity under *Dole v Dow Chem. Co.* (30 NY2d 143). The settlement made by plaintiff dated January 7, 1975 was subsequent to the effective date of section 15-108 of the General Obligations Law (eff Sept. 1, 1974).

Thereafter, Konowalski's estate moved at Special Term for the discontinuance of plaintiff's action as against him and for the dismissal of cross claims interposed by Knights' estate and Stoddard on the ground that the provisions of section 15-108 fully released the Konowalski estate. Upon denial of these motions an appeal was taken by stipulation of the parties on a statement in lieu of record on appeal (CPLR 5527).

### LEGISLATIVE BACKGROUND

The question presented on this appeal is apparently one of first impression before the courts. However, it does involve issues that were considered and studied by the New York State Legislature. Statutory changes were enacted by the Legislature in 1974 which reflect its intent with regard to the problem of settlements that arose following the decision of the Court of Appeals in *Dole v Dow Chem. Co.*[1]

The 1974 New York State Legislative Annual contains a discussion that sets the background for legislation that resulted in an amendment to section 15-108 of the General Obligations Law, CPLR article 14 and CPLR 4533. The significant impact of the Court of Appeals' decision in *Dole* on both substantive and procedural matters was acknowledged at the outset. It was recognized that certain problems could only be satisfactorily resolved by the Legislature. The legislative proposals submitted were "directed towards two principal goals": first, codification and clarification of the fundamental rule

---

1. 30 NY2d 143 decided March 22, 1972

embodied in *Dole* and its progeny. "Second, a proposed amendment of section 15-108 of the General Obligations Law [which] would *remove the disincentive* to settle which presently exists under *Dole* for a tortfeasor because he remains subject to contribution to other tortfeasors against whom a judgment in favor of the injured party may be rendered" (NY Legis Ann, 1974, p 15; emphasis supplied).

The Judicial Conference was the beneficiary of a commissioned study by Professor M. E. Occhialino.[2] Professor Occhialino states that New York law *prior to Dole* encouraged settlements by one of several tort-feasors since the settlor was not subject to suit by the injured plaintiff; nor was the settlor liable for contribution from a nonsettling defendant tort-feasor because a condition precedent for contribution was that a joint judgment exist against the defendant tort-feasors; i.e., a defendant not joined was not liable for contribution. Professor Occhialino isolates two problem areas with respect to settlements following the decision in *Dole* and before the 1974 amendment to section 15-108. He notes that the nonsettling tort-feasors may be required to bear more than their equitable share of the ultimate liability and, further, he states that if *Dole* is construed to permit the settling tort-feasor to be subject to a suit for contribution by the nonsettling tort-feasors (see, e.g., *Blass v Hennessey,* 44 AD2d 405) then the incentive for settlement is chilled.

The 1974 amendment to section 15-108 of the General Obligations Law was enacted to ensure that the nonsettling tort-feasor not be burdened with more than his equitable share because of the fact that another tort-feasor had chosen to settle and, at the same time, to rekindle the incentive for settlements (McLaughlin, Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 23A, Pocket Part 1974–75, General Obligations Law, § 15-108, p 120; Siegel, Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 7B, Pocket Part 1974–75, CPLR 3019, pp 9–11; Farrell, Civil Practice, 26 Syracuse L Rev 365, 373).

### DISCUSSION

Defendant Stoddard and Knights' estate contend that the

---

2. Syracuse *University College of Law.* This study entitled "Contribution" was ultimately published in the Nineteenth Annual Report of the Judicial Conference (1974, p 217 *et seq.*)

settling defendant, Konowalski, should remain in the action as a party before the court and be required to appear and defend until equitable shares of fault are determined by the jury. Defendants assert that they may be prejudiced unless the settling tort-feasor remains and participates in the trial of the action. It is their claim that permitting the settling tort-feasor not to participate "would disregard one of the basic tenets of the adversary system". It seems more reasonable to conclude, however, that the "true adversary" here is not the settling tort-feasor with no monetary interest or substantive liability, but the plaintiff who will seek to prove that the settling tort-feasor was only slightly at fault and that the greatest percentage of fault should be attributed to the nonsettling defendants. Professor Occhialino in a crucial few sentences places this in proper perspective in discussing the "dynamics of the basic suit" between the plaintiff and the nonsettling tort-feasor in which he demonstrates the insignificance of the absence of the settling tort-feasor.

"Under the applicable law, if the sued defendant is found liable to the plaintiff, he will be responsible *prima facie* for the entire verdict unless he is able to shift responsibility to the settling tortfeasor. As a defense to plaintiff's claim for full damages, he will vigorously assert the liability of the settling tortfeasor. Plaintiff will be equally interested in minimizing the settlor's culpability in order to maximize his own affirmative recovery against the sued defendant. Thus, the issue will be joined and litigated by truly interested parties even in the absence of the settling party. Therefore the injured person should not hesitate to enter into a 'reduction of claim' settlement because he fears that the settling tortfeasor may lack motivation to minimize his own culpability" (Occhialino, *supra,* p 222).

While there does not appear to be an impingement on the adversary process as such, a valid concern may involve the nonsettling defendants' lack of opportunity to cross-examine the settling tort-feasor. This problem may be alleviated by subpoenaing the settling tort-feasor as a witness at trial or by using his testimony obtained during discovery procedures. Defendants also contend that requiring participation at trial by a settling tort-feasor does not constitute a valid disincentive to settle. As to the question of a chill placed on settlements by a rule requiring the settling tort-feasor to appear in court, it is sufficient to say that on many occasions parties

settle a suit in order to avoid the continuing pressures, vexations and unpleasantness involved in litigation. Moreover, the expense of counsel for a noninsured party may be a factor in some cases since it may not be presumed that only insured parties will be involved.

Defendant's final contention is that mistrials will result because of prejudicial jury speculation regarding settling tort-feasor's absence and that such would be reduced if the settling tort-feasor remains present as a party. Jury speculation is a consideration in any trial—e.g., in a criminal trial the jury may wonder why a defendant chooses not to testify. It should be noted in passing that a plaintiff may choose to sue only one of several tort-feasors and a named defendant may, for reasons of his own, choose not to implead other tort-feasors. Of course, a jury may speculate as to the missing parties but the action proceeds in their absence. Unwarranted and prejudicial speculation may be cured by careful instructions to the jury by the trial judge (see PJI 2:275 [1975 Supp, pp 26, 27]).

### CONCLUSION

What should be emphasized is that to the defendant interested in settling, determining with finality the extent of his monetary liability may at times be secondary to his desire to remove himself from the lawsuit and avoid what he may consider to be the psychologically upsetting involvement. Stated otherwise, a potential defendant has a sincere and substantial interest in "buying his peace". It is pertinent to inquire on what theory the settling defendant is held in the action. That is to say, what substantive liability exists vis-à-vis the injured plaintiff or other tort-feasors.[3] The answer in this case appears to be that he has none. Thus with no potential liability and no interest in the litigation the settling tort-feasor appears to have no place as a party in this lawsuit. Removal of the settling tort-feasor as a party encourages settlement while not prejudicing the rights of the nonsettling defendants. An order of discontinuance of the settling tort-feasor fully accords with the purpose of the statute.

The order should, therefore, be reversed and Konowalski's motion for a discontinuance of plaintiff's action against him

---

3. If the cross claim asserts liability predicated on any valid theory other than merely one of indemnity, the settling tort-feasor may be required to remain in the action as a party to defend against the cross claim of the nonsettling tort-feasor.

granted and the cross claims asserted by Knights' estate and Stoddard should be dismissed.

Moule, J. P., Simons, Mahoney and Del Vecchio, JJ., concur.

Order unanimously reversed, with costs and motion granted.