OPINION OF THE COURT
Louis Grossman, J
Motion for an order granting summary judgment dismissing the third-party complaint of the third-party plaintiff, Wilmod Company, Inc. ("Wilmod”), against third-party defendant Triangle Aluminum Products Co., Inc. ("Triangle”), and the cross complaint of third-party defendant Borneo Sumatra Trading Co. ("Borneo”) against third-party defendant Triangle.
Plaintiff was employed by Triangle. On April 17, 1974, plaintiff was injured while in Triangle’s employ at premises in Bayside, New York. He instituted an action against Ethen and Meral Celelei ("Celelei”), owners of the premises, and Wilmod. The basis of the action against the owners of the property relates to scaffolding in use on the roof of the premises. Wilmod was responsible for the anchoring of the scaffold which proved defective due to defective nails. Borneo supplied the nails to Wilmod. Various cross complaints and counterclaims were interposed between the parties.
At this juncture, a tentative partial disposition has been agreed to between Triangle, plaintiff and Celelei. Triangle’s carrier would pay to plaintiff a set amount. Plaintiff would agree to a stipulation relating to his share of the recovery. Plaintiff and Celelei would give general releases to Triangle. Plaintiff would then continue his lawsuit against Wilmod and Wilmod would continue its action against Borneo.
The complication which caused Triangle to bring this motion is that Wilmod and Borneo have stated that their actions against Triangle will continue to exist despite the proposed settlement.
Movant brings this motion based upon section 15-108 of the General Obligations Law, which reads in pertinent part, as follows:

"Release or covenant not to sue.

"(a) Effect of release of or covenant not to sue tortfeasors. When a release or a covenant not to sue or not to enforce a judgment is given to one of two or more persons liable or claimed to be liable in tort for the same injury, or the same *731 wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms expressly so provide, but it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor’s equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest.
"(b) Release of tortfeasor. A release given in good faith by the injured person to one tortfeasor as provided in subdivision (a) relieves him from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules.” (Emphasis added.)
Although, at this time, there exists only a tenative settlement between the plaintiff, Madaffari, and third-party defendant Triangle, the court will, for purposes of discussion, treat it as a finalized settlement.
This section providing that a general release given to one tort-feasor does not discharge any other tort-feasor unless the release so provides not only preserves the rights of the injured party, but also preserves any right of contribution which another tort-feasor may have against the released tort-feasor. Also, this section applies only to the right to contribution between joint tort-feasors and has no effect on any rights to indemnity which may exist between the parties.
Although there is no mention in the section itself or in the case law presently existing of the effect of a settlement between an original plaintiff and a third-party defendant, the court believes that application of the principles set forth in section 15-108 of the General Obligations Law to such settlements would be a logical extension of the intent of the section. This is especially true in the case at hand, since the only reason that Triangle is not an original defendant is because of the Workers’ Compensation Law, which barred such an action by the plaintiff. The language of the third-party complaint and the cross complaint clearly identify Triangle as a tort-feasor within the intent of section 15-108 of the General Obligations Law.
 Since, under subdivision (a) of this section, any other tort-feasors are entitled to credit for the amount of the settlor’s equitable share of the liability or the amount actually paid by the settlor for the release, there is no need for the *732 remaining tort-feasors to claim contribution from the settler. A tort-feasor who settles with and obtains a release from the plaintiff and as to whom the plaintiff is willing to discontinue its action is entitled to an order of discontinuance with prejudice and is not required to attend and participate as a party defendant in the trial of the action against the remaining tort-feasors. (Mielcarek v Knights, 50 AD2d 122.)
While Triangle, the settlor tort-feasor, would not have to be physically present in the continued trial of this action, their name could not be totally deleted from the case nor from the pleadings. The remaining tort-feasors would be entitled to put before the jury both the name and the actions of Triangle and have the court charge the jury on the law relating to apportionment between joint tort-feasors where one of the tortfeasors is not present in the court, in order to secure from the jury a fair verdict relative to the division of culpability in the happening of the instant accident. (Driscoll v New York City Tr. Auth. 53 AD2d 391.)
Accordingly, third-party defendant Triangle’s motion for summary judgment is considered by the court as a motion for an order of discontinuance with prejudice and, as such, is granted upon the condition that the heretofore mentioned tentative settlement is finalized.