■ GERALD SIFFIN, Respondent, v RICHARD R. RAMBUSKI, Respondent, and DRUM RACEWAY, INC., Appellant. — Order unanimously reversed, with costs against plaintiff, and motion granted. Memorandum: Plaintiff was a passenger in an automobile driven by Richard Rambuski and was injured when the vehicle overturned on the property of defendant Drum Raceway, Inc. (Drum) at a time when the racetrack was closed for repair. Plaintiff commenced an action against Rambuski and Drum, both of whom answered and asserted cross claims against each other. Rambuski failed to appear at two scheduled depositions. His attorney informed counsel for Drum that Rambuski had settled with plaintiff and did not intend to appear further. However, he did not move to discontinue the action against him and to dismiss the cross claim (see *Mielcarek v Knights,* 50 AD2d 122). Drum's motion for an order directing Rambuski to appear at an examination before trial was denied by Special Term and Drum appeals. Special Term properly held that Drum's cross claim did not assert a cause of action for indemnification which would permit Rambuski to be deposed as a party. Although claims for indemnification asserted against a settling tort-feasor are not barred by subdivision (b) of section 15-108 of the General Obligations Law (*McDermott v City of New York,* 50 NY2d 211, 219-220; *Franzek v Calspan Corp.,* 78 AD2d 134, 141-142), merely using the term "indemnification" in the pleadings is insufficient to protect against the bar. Drum's cross claim does not assert any contractual or quasi-contractual relationship which would support a claim of indemnification. Rather, Drum contends that Rambuski's negligent conduct was responsible in whole or in part for the accident, and thus states a claim for contribution (*McDermott v*

*City of New York, supra,* pp 216-217; *Riviello v Waldron,* 47 NY2d 297, 306-307; *Smith v Hooker Chem. & Plastics Corp.,* 83 AD2d 199). Although counsel for Rambuski stated that he had settled with plaintiff, evidence of such settlement does not appear in the record; nevertheless, even if he has settled, he may still be called as a witness (see *Mielcarek v Knights, supra,* p 127) and is subject to discovery procedures. He was the driver of the vehicle and eyewitness to the accident, so that his pretrial deposition is needed in order for Drum to prepare fully for trial (see *Kenford Co. v County of Erie,* 41 AD2d 586). Inasmuch as Drum clearly is entitled to the relief requested and there is no prejudice, Rambuski should be treated as a nonparty witness and an order should be issued for his oral deposition pursuant to CPLR 3101 (subd [a], par [4]) (CPLR 2001; see *Matter of Davie Co.,* 80 AD2d 994). (Appeal from order of Supreme Court, Erie County, Mattina, J. — examination before trial.) Present — Simons, J. P., Callahan, Denman, Boomer and Moule, JJ.