OPINION OF THE COURT
Ernest L. Signorelli, S.
This contested application by the voluntary administrator for an order of discontinuance has been referred to this court for determination by order of the Supreme Court dated July 15, 1983. The voluntary administrator is seeking an order pursuant to section 15-108 of the General Obligations Law authorizing him to enter into a stipulation to discontinue an action for personal injuries now pending in the Supreme Court, and directing further that he be relieved of his obligation to attend or participate as a party defendant in the trial of this action.
The proceedings upon which the within application is based were originally instituted in the Supreme Court *994 against the decedent’s estate, the Town of Brookhaven, the County of Suffolk and the Chrysler Corporation to recover damages for personal injuries sustained by the plaintiff in an automobile accident while a passenger in the decedent’s car. During the pendency of the proceedings, a settlement agreement was reached between plaintiff and the estate in the amount of $10,000, subject, however, to the plaintiff reserving her right to continue her suit against the other three defendants. A stipulation of discontinuance was subsequently signed by the plaintiff and the estate representative, and a general release was executed by plaintiff discharging the decedent’s estate from any and all future liability to her with respect to the action.
Notwithstanding this settlement with plaintiff, the attorney for the decedent’s estate continues to receive voluminous pleadings from the other party defendants to the Supreme Court action, who have refused to acknowledge the stipulated settlement between plaintiff and the estate, and to sign stipulations of discontinuance with respect to their cross claims against the estate. As a consequence of these refusals, the instant application for relief was instigated.
The threshold question presented by the within application is whether the voluntary administrator of this estate acted within the scope of his statutory authority when he agreed to the settlement of plaintiff’s claim against the estate without this court’s prior approval, and without first seeking full letters of administration. (See General Obligations Law, § 15-108, subd [a].)
The voluntary administrator was appointed by this court on January 22, 1980. As a consequence of this appointment, he was vested with all the powers, with respect to the personal property of the decedent, as a duly appointed administrator, with the exception of those powers specifically enumerated in SCPA 1306 (subds 1, 3), to wit, (1) the power to enforce a claim for the wrongful death of the decedent, (2) the power to enforce a claim for personal injuries to the decedent, and (3) the power to maintain an action or proceeding to recover or compel the delivery of property, or to enforce a contractual or quasi-contractual claim owned by the decedent in excess of $5,000.
*995 With regard to the ability of the voluntary administrator to settle and compromise a claim by a third party against the decedent’s estate, SCPA 1306 does not set forth any specific limitations. The court is, therefore, directed in its decision by the provisions of EPTL 11-1.1, dealing with fiduciaries’ powers in general, and SCPA 1813, dealing with the compromise of disputed claims against an estate. (See SCPA 1306, subd 3.)
EPTL 11-1.1 (subd [b], par [13]) grants the administrator of an estate the power “[t]o contest, compromise or otherwise settle any claim * * * in favor of third persons and against the estate” without first seeking court approval. (Matter of Rappoport, 102 Misc 2d 910.) SCPA 1813 prescribes a procedure for seeking judicial approval of a proposed compromise of a claim but its provisions are not mandatory. (Powers, Practice Commentary, McKinney’s Cons Laws of NY, Book 58A, SCPA 1813, p 253.)
In the absence of any specific statutory authority to the contrary, the court, accordingly, finds that the voluntary administrator of this estate had the power to settle the Supreme Court action against the estate for $10,000 and to enter a stipulation of discontinuance with the plaintiff therein without first obtaining judicial, approval or full letters of administration from this court.
As to the order of discontinuance, it is axiomatic that a tort-feasor who settles with and obtains a release from the plaintiff and as to whom the plaintiff is willing to discontinue his action is entitled to an order of discontinuance with prejudice and is not required to attend and participate as a party in the trial of the action against the remaining tort-feasors, except to the extent that rights of indemnification exist between the settling and nonsettling tortfeasors, and prejudice to the remaining tort-feasors is shown. (General Obligations Law, § 15-108, subd [a]; Madaffari v Wilmod Co., 96 Misc 2d 729; Mielcarek v Knights, 50 AD2d 122.)
None of the cross claims against the decedent’s estate assert a cause of action for indemnification which would require the estate to remain as a party defendant to the Supreme Court action. (Siffin v Rambuski, 87 AD2d 979; see Jordan v County of Schoharie, 46 AD2d 716.) However, *996 while neither the Town of Brookhaven nor the County of Suffolk oppose the instant application, the other defendant, Chrysler Corporation, contends that the decedent’s estate must remain in the action in order for it to maintain its cross claim against the estate and to offer proof at trial regarding the decedent’s culpability.
The concerns of the defendant, Chrysler Corporation, do not preclude this court from granting the order of discontinuance requested. The provisions of subdivision (a) of section 15-108 of the General Obligations Law entitle the nonsettling tort-feasors in an action to an offset against their liability to the plaintiff in the amount of the settling tort-feasor’s equitable share of the liability, or the amount actually paid pursuant to or stated in the release between the settling tort-feasor and the plaintiff. Specifically, subdivision (a) of section 15-108 of the General Obligations Law states that when a release is given to one of two or more persons claimed to be liable in tort for the same injury “it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release * * * or in the amount of the consideration paid for it, or in the amount of the released tortfeasor’s equitable share of the damages under article 14 of the civil practice law and rules, whichever is the greatest.” Thus, in view of the statutory “credit” to whicti. the defendant, Chrysler Corporation is entitled against its liability to the plaintiff in the Supreme Court action, no prejudice can be found to exist, and indeed, no need remains, for it to claim contribution from the decedent’s estate herein. (Madaffari v Wilmod Co., supra.) Moreover, in terms of proof of the decedent’s culpability at trial, it is clear that while an order of discontinuance may relieve the decedent’s estate from continuing as a party in plaintiff’s lawsuit against the remaining tort-feasors, it will not prevent either Chrysler or the other defendants from subpoenaing the voluntary administrator of the estate as a witness at trial, and/or subjecting him as a nonparty to discovery procedures, if necessary. (Mielcarek v Knights, supra; Siffin v Rambuski, 87 AD2d 979, supra.)
Accordingly, the motion by the representative of the decedent’s estate for an order of discontinuance is granted *997 to the extent that he will no longer be required to participate in the Supreme Court proceedings as a party defendant. Inasmuch as an objection has not been made to the name of the estate remaining in the caption of this matter, the title of the Supreme Court action shall continue unchanged.