■ ANTHONY J. DE SANO, Appellant, v TIMOTHY TOWER, Respondent, et al., Defendant.—Judgment unanimously modified on the law and as modified affirmed with costs to plaintiffs, in accordance with the following memorandum: Plaintiff

was shot accidentally in the eye by defendant Tower with a pellet gun purchased from defendant Saunders. Tower asserted a cross claim against Saunders. Prior to trial plaintiff discontinued his action against Saunders upon the condition that Saunders, who had no insurance, would not delay the trial by filing for bankruptcy. Plaintiff received no monetary consideration in exchange for the discontinuance and did not give Saunders a release. Although Saunders did not participate in the trial, plaintiff submitted evidence concerning Saunders' liability, as well as Tower's liability (cf., Mielcarek v Knights, 50 AD2d 122). Following a nonjury trial, the court found both Tower and Saunders were negligent and apportioned 50% liability to each defendant. The court awarded plaintiff damages in the sum of $15,000 but, pursuant to section 15-108 (a) of the General Obligations Law, reduced plaintiff's verdict against Tower by $7,500, which was Saunders' proportionate share of the liability.

This was error. Since plaintiff's discontinuance against Saunders constituted neither a release nor a covenant not to sue, plaintiff's claim should not have been reduced within the meaning of section 15-108 of the General Obligations Law (see, Leone v City of Utica, 66 AD2d 463, 468, affd 49 NY2d 811). This statute applies only where there has been a settlement in which a plaintiff discharges one of several tort-feasors prior to a verdict (see, Cover v Cohen, 113 AD2d 502, 507-508). Here plaintiff did not settle with defendant Saunders or discharge her from liability, but only temporarily discontinued his action against her and could have recommenced another action at any time during which the Statute of Limitations had not run. Thus, notwithstanding the discontinuance, Saunders was not relieved of the risk of a lawsuit and was not immune from the claim of codefendant Tower. Accordingly, since the trial court should not have reduced plaintiff's verdict against defendant Tower by Defendant Saunders' proportionate share of liability pursuant to section 15-108 (a) of the General Obligations Law, the original verdict of $15,000 must be reinstated.

We reject plaintiff's additional claim that the verdict was inadequate. The proof revealed that plaintiff sustained no damage to his retina, lost no visual acuity, incurred minimal medical expenses, and had the same refractive error in the uninjured eye as in the injured eye. Whether plaintiff suffered any permanent injury was a question for the trier of fact. On this record we conclude that the injuries suffered were not so disproportionate to the verdict as to be either unconscionable or outside reasonable bounds (see, Juiditta v Bethlehem Steel

*Corp.,* 75 AD2d 126, 138; *James v Shanley,* 73 AD2d 752, 753). (Appeal from judgment of Supreme Court, Monroe County, Provenzano, J.—adequacy of damage award.) Present—Doerr, J. P., Boomer, Green, Pine and Lawton, JJ.