Leroy F. COONEY, Adele Cooney, and Hilary L. Cooney

v.

Joseph M. MOLIS

v.

Maria GROSSO and Ricardo Grosso, Jr.

No. 93–414–M.P.

Supreme Court of Rhode Island.

April 15, 1994.

Michael Horan, Pawtucket, for plaintiff.

Michele Lataille, Anderson, Anderson & Zangari, Thomas R. Bender, Hanson, Curran, Parks & Curran, Providence, for defendant.

## OPINION

SHEA, Justice.

This matter came before this court on the petition of the third-party defendants, Maria Grosso and Ricardo Grosso, Jr., for certiorari. The Superior Court denied the Grossos' motion for summary judgment, and we granted their petition for interlocutory review. We quash the order from which the third-party defendants appealed.

The facts disclosed by the thin record before us are as follows. On November 19, 1988, plaintiff Hilary L. Cooney (Hilary), suffered severe personal injuries in a motor-vehicle accident on Blackstone Boulevard in Providence, Rhode Island. Hilary, a minor at the time of the accident, was a passenger in a motor vehicle being driven by Ricardo Grosso, Jr. (Ricardo). Ricardo's vehicle, which was owned by Maria Grosso, struck a light post causing Hilary to be thrown through the rear window onto the ground. The plaintiffs alleged that at the time of the accident Ricardo was engaging in a drag race along the boulevard with a vehicle driven by defendant Joseph M. Molis (Molis). In plaintiffs' complaint filed in Superior Court, they did not allege that defendant Molis's vehicle physically struck Ricardo's vehicle.

On March 4, 1991, plaintiffs executed a document releasing the Grossos from liability for Hilary's injuries. In consideration of the release, the Grossos paid plaintiffs $50,000, which represented the dollar limits of the Grossos' automobile insurance liability coverage. The release agreement contained the following language:

"And, in further consideration of the aforementioned payment, we hereby agree to reduce by the statutory pro rata share of the payors any and all damages we, or any one of us, may recover from any other person, firm or corporation legally liable to us, or any one of us, with respect to the aforementioned accident."

On April 2, 1991, plaintiffs filed suit against Molis.

Along with his answer to plaintiffs' complaint, Molis filed a third-party complaint against the Grossos. Molis's third-party complaint sought contribution or indemnification from the Grossos in the event Molis was found liable to plaintiffs. The Grossos' answer to the third-party complaint asserted Molis could not maintain an action against them because of the release the Grossos had received from plaintiffs. The Grossos then filed a motion for summary judgment, which the trial court denied.

On appeal the Grossos argue that under the Uniform Contribution Among Tortfeasors Act, the release given by plaintiffs precludes Molis's action against them for contribution or indemnity. Molis, on the other hand, contends that the trial court properly denied the Grossos' motion for summary judgment. Molis acknowledges that the release prevents him from recovering actual moneys from the Grossos yet asserts his action for contribution is necessary to determine his proportional liability properly. The issue presented is whether settling joint tortfeasors who are not liable to any other parties in a suit must be retained in the suit to determine the nonsettling tortfeasor's proportionate liability. We hold that they do not.

Rhode Island's Uniform Contribution Among Tortfeasors Act (the act) controls the result of this case. Molis and the Grossos are clearly joint tortfeasors under the act because they are both allegedly liable in tort for the same injury to plaintiff Hilary. *See* G.L.1956 (1985 Reenactment) § 10–6–2 (defining joint tortfeasors); *see also Wilson v. Krasnoff,* 560 A.2d 335, 339–41 (R.I.1989) (construing statutory definition of joint tortfeasors). Although the act provides that the right of contribution exists among joint tortfeasors, it also specifies the effect of a release of one tortfeasor on the liability of others. Sections 10–6–3 and 10–6–7.

In language this court has previously described as "free of ambiguity," the act states that the release of one joint tortfeasor "does not discharge the other tortfeasors unless the release so provides; but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid." Section 10–6–7; *see also Augustine v. Langlais,* 121 R.I. 802, 804, 402 A.2d 1187, 1188–89 (1979). The release plaintiffs gave to the Grossos provides that plaintiffs will reduce their recovery from Molis by the pro rata share of the Grossos. Under both the terms of the release and the act any judgment plaintiffs receive in their action against Molis will be reduced. Because the release provides for this reduction and it was given before Molis secured a money judgment for contribution, Molis has no right of contribution from the Grossos. *See* § 10–6–8 (defining liability for contribution from released joint tortfeasor); *see also LaBounty v. LaBounty,* 497 A.2d 302, 307 (R.I.1985) (stating defendant receives pro rata reduction in place of right of contribution due to release of joint tortfeasor). Molis does not argue on appeal that he has a claim of indemnification against the Grossos.

Molis also does not argue that jurors lack the capacity to assess joint tortfeasors' proportionate liability unless all joint tortfeasors are parties to the suit. Instead Molis essentially argues that the Grossos must remain as parties to preserve Molis's right to appeal the jury apportionment of liability and the right to present his case in an adversarial context. These arguments against summary judgment, however, are without merit.

■ Molis relies on this court's decision in *Markham v. Cross Transportation, Inc.,* 119 R.I. 213, 376 A.2d 1359 (1977), for the proposition that his failure to maintain a crossclaim against the Grossos would preclude his appeal of the jury's apportionment of liability. This reliance on *Markham* is misplaced. None of the defendants in *Markham* had settled with the plaintiff. The holding in *Markham* was that the defendants lacked standing to move for a new trial against the codefendants because they never filed crossclaims against those codefendants. *Id.* at 230, 376 A.2d at 1368. This holding in no way precludes a defendant's otherwise proper appeal of a jury's apportionment of liability when there was a settling joint tortfeasor.

■ Molis next contends that the Grossos' presence in the trial is necessary to present his claim in an adversarial context. Molis argues that the absence of settling joint tortfeasors would confuse the jury and create evidentiary problems that cannot be remedied by jury instructions. In a well-reasoned opinion addressing these same contentions, the Appellate Division of the New York Supreme Court stated:

> "It seems more reasonable to conclude, however, that the 'true adversary' here is not the settling tortfeasor with no monetary interest or substantive liability, but the plaintiff who will seek to prove that the settling tortfeasor was only slightly at fault and that the greatest percentage of fault should be attributed to the nonsettling defendants." *Mielcarek v. Knights,* 50 A.D.2d 122, 127, 375 N.Y.S. 2d 922, 926 (1975).

Quoting a judicial conference study, the *Mielcarek* court further explained the dynamics of the suit:

> " 'As a defense to plaintiff's claim for full damages, [the defendant] will vigorously assert the liability of the settling tortfeasor. * * * Thus, the issue will be joined and litigated by truly interested parties even in the absence of the settling party.' " *Id.*

Molis's argument that the absence of the Grossos presents evidentiary problems overlooks the power of subpoena that remains as a tool to present the Grossos' testimony to the jury. *See Stanley v. Bertram–Trojan, Inc.,* 781 F.Supp. 218, 225 (S.D.N.Y.1991) (stating subpoena remains potent discovery tool against settling joint tortfeasor). Any unwarranted speculation by the jury about why the Grossos are not actual parties to the suit may be cured by the trial justice's careful instructions to the jury. *Mielcarek,* 50 A.D.2d at 128, 375 N.Y.S.2d at 927.

**530**

Molis's final argument is that no prejudice against the Grossos results by requiring them to remain parties because their liability is fixed by the release and they are still subject to appear in court as subpoenaed witnesses. This argument discounts the valid and substantial interest a joint tortfeasor has in "buying his peace" through a release-and-settlement agreement. *Id.* On many occasions parties settle a suit not only to limit their potential liability but also to "avoid the continuing pressures, vexations and unpleasantness involved in litigation," as well as the associated legal expenses. *Id.* at 127–28, 375 N.Y.S.2d at 927.

It is important to state that the rules of procedure governing third-party practice would have been dispositive of this case had the parties brought the issue before the trial justice. Rule 14 of the Superior Court Rules of Civil Procedure is the mechanism by which defendants may implead joint tortfeasors to seek contribution. *See Marcus v. Marcoux,* 41 F.R.D. 332, 336–37 (D.R.I.1967) (discussing Rule 14 application to actions for contribution among joint tortfeasors). Although he acknowledged his lack of the right to contribution, Molis insisted that the Grossos must remain parties to the suit. The unambiguous language of Rule 14 permits a defendant to commence a third-party action only against parties who are or may be liable to the defendant. *See* Super R.Civ.P. 14(a); *see also Iorio v. Chin,* 446 A.2d 1021, 1023 (R.I.1982). In the present case, Molis does not allege the Grossos are liable or may be liable to him for monetary contribution. Absent any alleged liability to him, Molis cannot maintain the third-party action against the Grossos. The parties' arguments on appeal, however, did not address the requirements of Rule 14, nor did the trial court's decision.

We now hold that a settling joint tortfeasor, with no liability to any parties to a suit, cannot be forced to defend a lawsuit that was the basis for the joint-tortfeasor release. The remaining joint tortfeasor is free to assert the settling joint tortfeasors' liability in their absence. This holding, in our opinion, encourages settlement but does not prejudice the rights of the nonsettling defendants.

For these reasons the third-party defendants' petition for certiorari is granted, the order of the Superior Court denying summary judgment is quashed, and the papers of the case are remanded to the Superior Court with our opinion endorsed thereon for entry of judgment in favor of Maria and Ricardo Grosso.