■ WILLIAM H. FROST, JR., et al., Respondents, v COUNTY OF RENSSELAER, Defendant, and BOSTON AND MAINE CORPORATION

et al., Appellants. (And Another Related Action.) [632 NYS2d 702] —White, J. Appeal from an order of the Supreme Court (Spain, J.), entered October 4, 1994 in Rensselaer County, which, *inter alia*, denied a motion by defendants Boston and Maine Corporation, Springfield Terminal Railway Company and Guilford Transportation Industries, Inc. for summary judgment dismissing the complaint against them.

Plaintiffs commenced this negligence action seeking damages and derivative losses they allegedly sustained on March 23, 1989 when the automobile driven by plaintiff William H. Frost, Jr. (hereinafter Frost) skidded and went off a bridge located on County Route 95 in the Town of Petersburg, Rensselaer County, that was purportedly owned and controlled by defendants Boston and Maine Corporation, Springfield Terminal Railway Company and Guilford Transportation Industries, Inc. (hereinafter collectively referred to as defendants). After some discovery, defendants moved for summary judgment, contending that they did not own or control the bridge. Alternatively, they moved for either an order dismissing the complaint because of the obstructive behavior of plaintiffs' counsel during the pretrial deposition of Frost or an order directing supervised discovery. Supreme Court denied the motions, giving rise to this appeal.

A defendant moving for summary judgment has the initial burden of coming forward with admissible evidence showing that the plaintiff's cause of action is devoid of merit (*see, GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967). If the defendant satisfies this obligation, the burden shifts to the plaintiff to present admissible evidence establishing the existence of a triable issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 560). Here, defendants submitted appropriation maps filed by the State on February 7, 1989 pertaining to the proposed improvement of County Route 95 in the vicinity of the bridge. They also submitted a contract dated February 8, 1989 between the State and Rifenburg Construction, Inc. which provided for the removal of the bridge.

We agree with Supreme Court that these documents did not establish, as a matter of law, that defendants did not own or control the bridge. The appropriation maps are insufficient since the bridge is not included within the appropriated lands. Likewise, the contract is insufficient since it obviously is not definitive proof that the State, rather than defendants, owned the bridge. Thus, defendants' motion for summary judgment was properly denied.

Turning to the alternative motion, where a party has been seriously prejudiced by disclosure abuses, dismissal of a plead-

ing pursuant to CPLR 3103 (c) may be warranted in the absence of less drastic means to remedy the prejudice (see, *Lipin v Bender*, 84 NY2d 562, 572). While a review of the transcript of Frost's pretrial deposition reveals his counsel's disregard of the tenets of professional responsibility (see, Code of Professional Responsibility EC 7-37, EC 7-39), his conduct was not sufficiently egregious to warrant the drastic remedy of dismissal. Furthermore, defendants were not seriously prejudiced since Frost's pretrial deposition has been completed.

Defendants further contend that plaintiffs' execution of a stipulation of discontinuance of their action against the State without prejudice to recommence prejudiced defendants by denying them their right to seek contribution from the State pursuant to CPLR article 14. This argument lacks substance since the stipulation does not fall within the ambit of General Obligations Law § 15-108 as it is not a release or a covenant not to sue (see, *De Sano v Tower*, 129 AD2d 976, 977).

For these reasons, we affirm.

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the order is affirmed, with costs.