OPINION OF THE COURT
William H. Keniry, J.
In this wrongful death action predicated upon a claim of medical malpractice, an issue has arisen over the procedural steps which the plaintiff administratrix c. t. a. must follow in order to finalize a settlement of the action. The issue appears to be one of first impression.
The case was scheduled for trial to begin January 13, 1997. A settlement was reached on that day with certain defendants agreeing to pay a total of $332,500 to plaintiff. The terms of the settlement agreement were recited on the record with plaintiff’s attorney stating, in pertinent part, as follows: "Judge, this is a wrongful death action, and therefore, we will be coming to you for approval of the compromise in this action. There is one lien, potential lien that we know of for approximately $60,000 from the Social Security Administration for Medicare benefits. Plaintiff agrees to indemnify all Defendants from any liability by virtue of that lien. Plaintiffs lawyers agree that the amount of the asserted lien will be held in escrow in our account until such time as there is a resolution of that dispute.”
Plaintiff has not made an application under EPTL 5-4.6 for court approval of the compromise but has tendered signed general releases and stipulations of discontinuance to defendants relying upon the authority granted her as a fiduciary under EPTL 11-1.1 (b) (13) to compromise any claim in favor of an estate. Defendants refuse to pay their respective shares of the settlement without a court order.
Plaintiff now moves for an order compelling defendants to comply with the terms of the settlement agreement. Defendants oppose the motion.
The legal issue presented requires an analysis of the two cited statutory provisions and the effect they have on the procedure to follow in order to properly settle a wrongful death action.
Following the death of Vincent M. Moscati, his last will and testament was admitted to probate on March 21, 1989 in the Surrogate’s Court of Saratoga County and letters testamentary were issued to his nominated executrix, his widow Mary Moscati.
*275 The executrix subsequently renounced her appointment. The Surrogate’s Court then appointed plaintiff Lorraine Bell, one of Vincent Moscati’s three adult children, as administratrix with will annexed or in Latin terminology, administratrix cum testamento annexo (c. t. a). The letters issued to plaintiff are unrestricted and thus afford plaintiff all powers accorded to fiduciaries under EPTL 11-1.1.
EPTL 11-1.1 (b) (13) states, in relevant part, as follows:
"(b) In the absence of contrary or limiting provisions in the court order or decree appointing a fiduciary, or in a subsequent order or decree, or in the will, deed or other instrument, every fiduciary is authorized * * *
"(13) To contest, compromise or otherwise settle any claim in favor of the estate, trust or fiduciary or in favor of third persons and against the estate, trust or fiduciary.”
EPTL 5-4.6 (a) and (b) which applies to the settlement of a wrongful death action provides as follows:
"(a) Upon the application of an administrator appointed under 5-4.1 or a personal representative to the court in which an action for wrongful act, neglect or default causing the death of a decedent is pending, the court may, after inquiry into the merits of the action and the amount of damages proposed as a compromise:
"(1) Approve in writing a compromise for such amount as it shall determine to be adequate and, except for good cause shown, transfer the action to the surrogate’s court which issued the letters for determination of the issues of allocation and distribution of proceeds and related matters; or "(2) Disapprove the application.
"(b) The written approval by such court of the compromise is conclusive evidence of the adequacy of the compromise in any proceeding in the surrogate’s court for the final settlement of the account of such administrator or personal representative.” Plaintiff contends that, because she holds unlimited and unrestricted letters, she is empowered under EPTL 11-1.1 (b) (13) to settle the action without having to comply with EPTL 5-4.6 (a).
Although there is ample authority both in case-law and in legal commentary supporting the general principle that a fiduciary with unrestricted authority may compromise, without court approval, any claim brought either by or against an estate (Matter of Essenberg, 120 Misc 2d 993; Matter of Rappaport, 102 Misc 2d 910; 9C Rohan, NY Civ Prac 11-1.1 [19]; 37 *276 NY Jur 2d, Death, § 550), plaintiff does not address the distinction between a wrongful death claim and a claim by or against an estate. A wrongful death claim, as defined in EPTL 5-4.1, exists for the benefit of the distributees of the decedent and is not a claim which belongs to the decedent’s estate (Central N. Y. Coach Lines v Syracuse Herald Co., 277 NY 110). A wrongful death claim is separate and distinct from the so-called survival action, which is an estate asset, brought under EPTL 11-3.2 and 11-3.3.
Plaintiff refers to the claim which she has agreed to settle as a "wrongful death” claim and the pleadings confirm that classification.* The court has found only one area wherein judicial approval of settlement of wrongful death claims is unnecessary, namely where all the persons for whose benefit the action is brought (the decedent’s distributees) are adults and where all such distributees execute general releases of their claims (Matter of Fortunoff, 167 Misc 119; Matter of Finkelstein, 1 Misc 2d 1067, affd 6 AD2d 1055). In the instant case, decedent is survived by a wife and three adult children. There is no indication that these four distributees have separately released their claims so as to bring the case within this limited exception.
Plaintiff is not entitled to an order compelling defendants to make their agreed-upon payments absent further proceedings.
Plaintiff’s motion is denied without costs.

 The record is not fully developed in this regard.