■ VINCENT TASSONE et al., Plaintiffs, v HAGGAR APPAREL COMPANY et al., Defendants. HAGGAR APPAREL COMPANY et al., Third-Party Plaintiffs-Appellants, v MINNESOTA MINING AND MANUFACTURING COMPANY, Third-Party Defendant-Respondent. [688 NYS2d 322] —Order unanimously reversed on the law with costs, motion denied and third-party complaint reinstated. Memorandum: Supreme Court erred in granting third-party defendant's motion for summary judgment dismissing the third-party complaint. The 1996 amendment to Workers' Compensation Law § 11 (*see,* L 1996, ch 635, § 2) does not apply retroactively to bar the third-party action (*see, Regensdorfer v Central Buffalo Project Corp.,* 247 AD2d 931, 933; *Massella v Partner Indus. Prods.,* 242 AD2d 870). Further, the release given by Vincent Tassone (plaintiff) to third-party defendant does not relieve third-party defendant from liability to third-party plaintiffs for contribution pursuant to General Obligations Law § 15-108 (b). That section applies to releases "given to one of two or more persons liable or claimed to be liable in tort for the same injury" (General Obligations Law § 15-108 [a]). As plaintiff's employer, third-party defendant cannot be held liable in tort; its liability under the Workers' Compensation Law is "exclusive and in place of any other liability whatsoever" (Workers' Compensation Law § 11; *see, Gonzales v Armac Indus.,* 81 NY2d 1, 9). Thus, plaintiff had no tort claim against third-party defendant that could be released, and General Obligations Law § 15-108 (b) does not bar the third-party action for contribution. (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Scudder and Callahan, JJ.