DECISION
This matter comes before the Court on third-party defendant Michael E. Gross's ("Gross") Motion for Summary Judgment. Jurisdiction of this Court is pursuant to R.I. Super. R. Civ. P. 56.
On or about August 5, 1995, defendant and third-party plaintiff Aaron S. Moniz ("Aaron") was operating a motor vehicle with permission of the owner, defendant and third-party plaintiff Manuel J. Moniz ("Manuel") (collectively "defendants"). Gross was operating the motor vehicle which collided with Aaron on that same date. The plaintiff Melanie Mattei ("Melanie") was a passenger in Gross's motor vehicle.
Gross was insured with Metropolitan Property and Casualty Insurance Company ("Metropolitan") and obtained a policy containing coverage limits of $25,000 per person and $50,000 per accident. In settling any disputes arising out of the August 5, 1995 accident, Gross and Metropolitan entered into two separate agreements entitled Full and Final Release of all Claims and Indemnification Covenant with plaintiff Barbara Mattei ("Barbara"), individually and as parent and legal guardian of Melanie, and in her own capacity. Gross and Metropolitan tendered payment to Barbara in her dual capacities based upon the terms of the respective release and Gross's insurance policy. At oral argument, counsel for Gross presented the Court with a signed Full and Final Release of all Claims executed by Gross, Metropolitan, and Aaron. Due to the timeliness of submission, the legal significance of Aaron's signed release is not before the Court on this motion.
The plaintiffs filed suit against Aaron and Manuel for injuries suffered as a result of the August 5, 1995 accident. In response, Aaron and Manuel filed a third-party complaint against Gross for contribution and/or indemnification.
Summary judgment is a drastic remedy that should be sparingly granted only when the pleadings, affidavits, and discovery materials demonstrate no genuine issue of material fact exists.Superior Boiler Works, Inc. v. R.J. Sanders, Inc. 711 A.2d 628, 631 (R.I. 1998) (citations omitted); R.I. Super. R. Civ. P. 56(c). The trial justice should "draw all reasonable inferences in favor of the nonmoving party and must refrain from weighing the evidence or passing upon issues of credibility." 711 A.2d at 631. However, the nonmoving party has an affirmative duty to specifically set forth all facts demonstrating a genuine issue of material fact. Sisters of Mercy of Providence. Inc. v. Wilkie,668 A.2d 650, 652 (R.I. 1996) (citation omitted). As such, the nonmoving may not rest upon "allegations or denials in the pleadings, mere conclusions, or mere legal opinions" to create a genuine issue of material fact. Rhode Island DEPCO v. Rignanese714 A.2d 1190, 1193 (R.I. 1998) (citations omitted). After reviewing the evidence in the light most favorable to the nonmoving party, the trial justice may grant a summary judgment motion if there are no genuine issues of material fact, and the moving party's claim warrants judgment as a matter of law.Harritos v. Cambio, 683 A.2d 359, 360 (R.I. 1996) (citations omitted); R.I. Super. R. Civ. P. 56(c).
Gross argues that since Metropolitan and himself obtained releases from Barbara regarding the August 5, 1995 accident the third-party complaint is not viable. According to case law, Gross asserts that the releases preclude any further action from defendants against him for contribution and/or indemnity.
The defendants argue that G.L. 1956 (1997 Reenactment) §10-6-1, et seq. Contribution Among Joint Tortfeasors, is controlling. The defendants assert that pursuant to G.L. 1956 (1997 Reenactment) § 10-6-8, a joint tortfeasor is not released from contribution to another tortfeasor unless the injured person signed a tortfeasor release. Furthermore, the releases executed by Gross, Metropolitan, and Barbara are general releases and not tortfeasor releases due to the missing language required under §10-6-8. The defendants contend that the case law cited by Gross addressed the liability of parties to a joint tortfeasor release and not a general release as in this case.
This matter is initially governed by G.L. 1956 (1997 Reenactment) § 10-6-1, et seq., Uniform Contribution Among Tortfeasors Act. "Joint tortfeasors" are defined as "two (2) or persona jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them. . . ." G.L. 1956 (1997 Reenactment) § 10-6-2.
Pursuant to § 10-6-8, "a release by the injured person of one joint tortfeasor does not relieve him or her from liability to make contribution to another joint tortfeasor unless the release is given before the right of the other tortfeasor to secure a money judgment for contribution has accrued, and provides for a reduction, to the extent of the pro rata share of the released tortfeasor, of the injured person's damages recoverable against all the other tortfeasors." The two releases executed by Gross, Metropolitan, and Barbara did not contain the necessary language of releasing in full satisfaction of the pro rata share for which Gross might be liable as a result of the automobile accident. SeeCooncy v. Molis, 640 A.2d 527, 528 (R.I. 1994); Rich v. Chalko,590 A.2d 880 (R.I. 1991). As such, the releases signed by Gross, Metropolitan, and Barbara are general releases.
When a contract is clear and unambiguous, a question of law exists as to the meaning of its terms. O'Connor v. McKanna,116 R.I. 627, 630, 359 A.2d 350, 353 (1976) (citing Cassidy v.Springfield Life Ins. Co., 106 R.I. 615, 619, 262 A.2d 378, 380 (1970)). The releases are unambiguous since the language itself is "controlling in determining the intent of the parties and `governs the legal consequences of its provisions.'" Nelson v.Ptaszek, 505 A.2d 1141, 1143 (R.I. 1986) (citing Dudzik v.Leesona Corp., 473 A.2d 762, 765 (R.I. 1984)). The language and the effect of the releases executed by Gross, Metropolitan, and Barbara does not relieve either Gross or Metropolitan from liability for contribution and/or indemnification to defendants.See Desenne v. Jamestown Boat Yard, Inc., 968 F.2d 1388, 1391 (1st Cir. 1992). Accordingly, Gross's Motion for Summary Judgment is denied as to the two releases signed by Gross, Metropolitan, and Barbara, individually and as parent and legal guardian of Melanie, and in her own capacity.
Counsel shall prepare the appropriate order for entry.