JOHN R. TRZASKA, Respondent, v CINCINNATI, INC., et al., Appellants, et al., Defendant. [715 NYS2d 810] —Order insofar as appealed from unanimously reversed on the law without costs, motion denied and affirmative defenses based upon General Obligations Law § 15-108 reinstated. Memorandum: Plaintiff commenced this action to recover damages for injuries that he sustained in a work-related accident. The injuries occurred when he was setting up a brake machine allegedly manufactured by Cincinnati, Inc. and sold by Pitney Bowes, Inc. (defendants). Cincinnati, Inc. commenced a third-party action against plaintiff's employer. While the third-party action was pending, plaintiff entered into a settlement agreement with his employer. Defendants then were granted leave to amend their answers to assert General Obligations Law § 15-108 as an affirmative defense (*see, Ward v City of Schenectady,* 204 AD2d 779, 780).

That part of Supreme Court's order granting plaintiff's motion to dismiss the affirmative defenses based upon General Obligations Law § 15-108 must be reversed. Defendants are entitled to a setoff under General Obligations Law § 15-108 based upon the settlement of plaintiff with his employer. Under the circumstances of this case, plaintiff's employer is a "person[ ] liable or claimed to be liable in tort for the same injury" within the meaning of General Obligations Law § 15-108 (a) (*see, Madaffari v Wilmod Co.,* 96 Misc 2d 729, 731).

In *Tassone v Haggar Apparel Co.* (259 AD2d 1035), relied upon by plaintiff, the plaintiff employee commenced an action to recover damages for personal injuries sustained in a work-related accident. He released his employer from age discrimina-

tion, wrongful termination and other employment-related claims unconnected to the personal injury action. General Obligations Law § 15-108 (a) did not apply in *Tassone* because the release was not given to the employer "for the same injury" for which the plaintiff sought recovery (*see, Bauman v Garfinkle,* 235 AD2d 245). To the extent that our decision in *Tassone* holds that General Obligations Law § 15-108 does not apply to a settlement between an injured person and his or her employer, it is not to be followed. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Dismiss Pleading.) Present—Green, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.